## THE STATE v. MICHAEL CONNORS, Appellant.

Division Two, November 13, 1912.

1. **INSTRUCTION: Grand Larceny: Possession and Taking: Refusal of Correct.** In order to convict, it is not error to refuse a correct instruction upon the necessity of finding from the evidence, the possession of the goods alleged to have been stolen, and the taking of such goods as charged in the information,

asked by defendant, if the court, of its own motion, gave a correct instruction embracing the same subject.

2. ———: ———: Alibi: Failure No Ground of Motion for New Trial. If the attention of the court was not, in the motion for a new trial, called to its failure to give an alibi instruction in the motion for a new trial, the defendant is not in a position on appeal to avail himself of such failure.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*Gillespie & Douglas* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Atkinson,* Assistant Attorney-General, for the State.

(1) Error assigned, is that "the court erred in not instructing the jury properly in all the law bearing upon the case as asked by defendant." Defendant did not except to the action of the court in failing to declare all the law of the case, if in fact the court did not give all the law. (2) Under the proof, the demurrer to the evidence was properly overruled. The State had proof upon everything required to constitute the offense and to fix the venue. Nor was there error in refusing the single instruction asked by the defendant. It was fully covered by the instructions given.

KENNISH, J.—The prosecution in this case was instituted in the circuit court of the city of St. Louis by the filing of an information charging appellant Connors, Tom Meyers and George Meyers, jointly with burglary in the second degree and grand larceny. A severance having been granted, appellant was tried at the June term of said court, convicted of grand larceny and his punishment assessed at imprisonment in the penitentiary for two years. He was sentenced in ac-

cordance with the verdict and from such judgment of sentence he appealed to this court.

The charge in the information was the breaking and entering of a car belonging to the St. Louis Merchants Bridge Terminal Railway Company and stealing therefrom four cases of shoes and one roll of carpet, all of the value of one hundred and twenty dollars.

The State's evidence tended to show the following facts:

On January 9, 1911, the shoes and carpet in question were placed in a car, along with other goods, to be transported to Colorado. The car was then on the tracks of the St. Louis Merchants Bridge Terminal Railway Company in the city of St. Louis. This company hauls the cars of the Chicago, Rock Island & Pacific Railway Company from the freight houses where they are loaded to the main tracks of the latter company. The carload of goods above mentioned was being shipped over the Rock Island road. Immediately after the goods were loaded, and at about 5:30 o'clock p. m., the door of the car was closed and sealed. About 7:30 p. m., after the car had been moved some distance, but while it was in the city of St. Louis and under the control of the St. Louis Merchants Bridge Terminal Railway Company, one of the yard clerks of that company inspected the car and found that the seal had been taken from the door.

About 6:15 p. m., an employee of the John Deere Plow Company found a roll of carpet lying on the ground beside a box car that was standing near where the Rock Island car had been loaded. He carried the carpet into the offices of the plow company and one of the clerks of the company notified the police department of the finding of the carpet. Two officers went to the offices of the plow company. They had the carpet placed by the side of the car where it had been found and waited to see if any person would appear to take possession of it. One of the officers went in-

side the car and the other stationed himself near by in a doorway of the building occupied by the plow company. The officer who was concealed in the car discovered that there were four boxes in the car. They were afterwards found to be the four boxes of shoes in question.

About seven p. m., another police officer, who was walking a beat in the vicinity of where the two officers had concealed themselves, saw the defendant and George Meyers driving along the street in a wagon. A few minutes later two men approached the car in which the officer was stationed and looked at the carpet. One of them remarked that everything looked all right and they walked away. Ten minutes later they returned, climbed into the car and dragged two of the boxes of shoes toward the door. The defendant discovered the presence of the officer and said to Tom Meyers, the other man who had entered the car with him, "Beat it. We are caught." As the two were going out of the car the officer called on them to halt and then fired his revolver at them. Tom Meyers was wounded by the shot and fell to the ground near the door of the car, but the defendant escaped. George Meyers, who in the meantime had driven up near the car in a wagon, shot at the officers and then drove rapidly away, firing at them as he drove away. The officers fired several shots at him, but he escaped. The defendant was arrested at his home at a late hour that night.

The carpet and boxes of shoes were identified as part of the goods that had been loaded into the car that was sealed up for transportation to Colorado. The defendant was identified by the officer who was hidden in the car as one of the men who attempted to take away the boxes of shoes. The officer in the doorway of the plow company building also identified the defendant as one of the men who went into the car. He had known the defendant by sight for several

years and was standing in a dark doorway where he could not be seen, but there was an arc light near by so that he could plainly see the men as they entered the car.

The only evidence offered by the defendant was the testimony of his wife, his father-in-law and his sister-in-law. They all testified that on the date of the alleged offense the defendant was at his home, a long distance from the scene of the crime, from 5:30 p. m. until he was arrested.

Appellant has not made an appearance in this court, and we must look to the record for the errors complained of at the trial.

I. It is alleged in the motion for a new trial that the court erred in admitting incompetent evidence over defendant's objection, and also in excluding competent evidence offered by the defendant. The record shows that during the introduction of the testimony many objections were made and exceptions saved by the defendant to the adverse rulings of the court. It would unduly extend this opinion to review each of said rulings. It is sufficient to say that we have examined them and are satisfied that reversible error was not committed therein.

II. The defendant asked an instruction upon the necessity of finding from the evidence, in order to convict, the possession of the goods alleged to have been stolen, and the taking of such goods as charged in the information. This instruction was refused, and the defendant complains of such refusal in the motion for a new trial. The instruction was a correct statement of the law and could well enough have been given by the court, but it merely stated the converse of the law as set forth in instruction numbered 2, given by the court of its own motion, and as a correct instruc-

tion was given upon the subject embraced in the instruction refused, such refusal was not prejudicial error. [State v. Gow, 235 Mo. 307; State v. Sharp, 233 Mo. 269; State v. Nelson, 166 Mo. 191.]

III. The defendant interposed the defense of alibi and supported it by the testimony of several of his relatives. The court did not instruct the jury upon that defense and the question arises, was such failure to instruct reversible error? We think not. The attention of the court was not called to the failure to give an alibi instruction in the motion for a new trial, and therefore, under the recent decisions of this court, the defendant is not in a position to entitle him to a new trial upon such ground. [State v. Conway, 241 Mo. 271; State v. Dockery, 243 Mo. 592.]

IV. The court properly refused the instruction in the nature of a demurrer to the evidence. The testimony for the State as set forth in the statement of facts herein leaves no doubt of the comission of the larceny as charged in the information. The question of the defendant's identity as one of the three guilty parties was one for the jury, and as there was ample testimony to support the verdict, it will not be disturbed by this court.

V. An examination of the entire record has failed to disclose prejudicial error. The jury was fully warranted in returning a verdict of guilty, and the judgment should be affirmed. It is so ordered.

*Brown, P. J.,* and *Ferriss, J.,* concur.