## Chesapeake & Ohio Railway Company v. Childers.

(Decided May 10, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error.—Opinion on former appeal, approving instruction, is law of case, so that same instruction, though erroneous, was properly given at second trial, where there was no difference in character of evidence and no change in issues.

2. Damages.—$800 held not excessive for causing deposit of earth, stone, and debris to depth of 3 feet to be placed over surface of land 100 feet wide and 150 feet long by flood, due to closing of culvert and collapse of fill constructed by railroad, where price of removal was not less than 75 cents per cubic yard.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

J. J. MOORE and A. F. CHILDERS for appellee.

Plaintiff, Albert Childers, sued the Chesapeake &
Ohio Railroad Company for temporary injury to certain
dwelling houses and lots by reason of a flood carrying
dirt and debris on the lots and otherwise injuring the
houses; it being alleged that this was caused by the clos-
ing of a culvert and the collapse of a fill constructed by
defendant across a drain above the property. From a
judgment for $800, the railroad company appeals.

A former judgment herein in favor of Childers for
$1,000 was reversed by this court on the sole ground that
the verdict of the jury was excessive. See C. & O. R. R.
Co. v. Childers, 214 Ky. 361, 283 S. W. 113, in which the
facts are fully set out. On the second trial, the evidence
introduced was of the same character as that introduced
in the first trial, but the plaintiff's witnesses went into
more detail in describing and estimating the amount of
earth, debris, and stone deposited on the land in ques-
tion; the same instructions being given as on the first
trial, that on the measure of damages being in these
words:

"If the jury shall find for the plaintiff, they
should allow him such a sum in damages as they may
believe from the evidence is a sufficient sum to re-
store plaintiff's property to the condition it was in
prior to the injury, so that the sum so found, if any-
thing, does not exceed $2,500."

Appellant contends that earth may have been de-
posited on the lots without damage to them; that in their
present condition they may be as valuable as they were
before the flood; and, if so, that there is no reason for the
removal of such earth; that therefore the measure of dam-
age should be confined to a sum sufficient to restore the
property *substantially* to the condition it was in prior to
the injury, and that the above instruction was erroneous
in this respect.

It is unnecessary to determine this question, as the
former opinion is the law of the case, and in it the given
instruction was approved. Appellant admits this in
part, but argues that the witnesses on the second trial
stressed the quantity of the earth and debris upon the
premises more than they did in the first trial, and that
this constituted such a change in the evidence as author-

ized a change in the instruction. We are unable to catch this distinction. There is no difference in the character of the evidence and no change in the issues; hence the instruction remains the law of the case, even though it may be erroneous in the matter mentioned.

It is strenuously insisted that, as the verdict is only 20 per cent. lower than the former verdict, which was set aside as being excessive, this verdict should also be set aside on the same grounds. It appears that plaintiff's evidence on this point was of the same general nature as that given in the first trial; and as to the damage to the houses is about the same as in the first trial but, as to the condition of the lots, it is much clearer and more emphatic. A number of witnesses state that earth, stone, and debris to the depth of 2½ or 3 feet were deposited over a surface estimated as being 100 feet wide and 150 feet long. This would be from 1,000 to 1,500 cubic yards, and it is admitted that there is no place to which this earth can be removed within less than 1,000 feet of the premises, and no one claims that it can be removed for less than 75 cents per cubic yard. True, appellant's witnesses fix the amount of the deposit at much less but this was a question for the jury to determine, and, when the damage to the house is considered, it cannot be said that the verdict is so excessive as to strike one at first blush as being the result of passion or prejudice.

Wherefore the judgment is affirmed.