## STONEFIELD v. BUCHANAN, Warden.

### No. 8936.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1941.

24

Thomas W. Hardesty, of Newport, Ky., for appellant.

Hubert Meredith, Atty. Gen. and William Hayes, Asst. Atty. Gen., for appellee.

Before HICKS, SIMONS, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

In an appeal from a judgment dismissing the appellant's petition for a writ of habeas corpus, which petition alleges that the appellant was convicted in a Kentucky court on an indictment charging the offense of armed robbery, that the conviction was the result of an inadequate allowance of time to assigned counsel for the purpose of preparing a defense and summoning witnesses who were out of the state or securing their depositions;

It appearing that though the appellant had filed an appeal from the judgment and sentence in the Court of Appeals of Kentucky, Stonefield v. Commonwealth, 282 Ky. 692, 139 S.W.2d 752; that the appeal proved abortive through his inability to furnish a transcript of the record owing to the fact that the evidence was not preserved by a reporter; yet,

It also appearing that the appellant had not further pursued remedies available to him under Kentucky law, including a petition for writ of habeas corpus to put in issue the legality of his conviction and sentence;

Now, therefore, for the reasons above stated which are fully developed in the considered opinion of the District Judge, and specifically upon the authority of Mooney v. Holohan, Warden, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, expressly holding that a writ of habeas corpus will not lie to attack a state court judgment in the absence of a showing that such writ has been applied for in the state court, or that corrective judicial process is not there available, we follow the course pursued by this court in the case of Howard M. Sharpe, Appellant v. W. Jess Buchanan, Warden, 121 F.2d 448, decided by memorandum opinion on June 6, 1941; wherefore,

It is ordered that the judgment below be, and it is, hereby affirmed without prejudice to the appellant's recourse to any state judicial remedy that may still remain open to him.