## Stonefield v. Buchanan.

Feb. 3, 1942.

Thomas W. Hardesty for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from the judgment of the Lyons Circuit Court denying Roy Stonefield a writ of habeas corpus. The petition was submitted in that court by agreement of the parties upon the record made in the District Court of the United States for the Western District of Kentucky and other pleadings and stipulations. The grounds for the writ are: (1) That petitioner was deprived of adequate time to prepare a defense at the time of the trial of the case in the Campbell Circuit Court; (2) that he was unable adequately to prosecute an appeal, due to his inability to procure a bill of exceptions; (3) that he attempted to present, through counsel, a bystander's bill, which was refused by the Court; (4) that his conviction violates the Constitution; and (5) that the judgment is void.

The case of Stonefield v. Commonwealth, 282 Ky. 692, 139 S. W. (2d) 752, sets forth fully the questions considered by this Court in affirming Stonefield's judgment of conviction in the Campbell Circuit Court. No bill of exceptions was filed by Stonefield, so we pointed out that we could look only to the record to determine whether there was a good and sufficient indictment. We said that the indictment was in apt language and followed the statute penalizing the offense of armed robbery with which Stonefield was charged.

In January, 1941, the District Court of the United States for the Western District of Kentucky denied the issuance of a writ of habeas corpus. Judge Miller's opinion in denying the writ, Ex parte Stonefield, 36 F. Supp. 453, 455, shows that he considered all of the grounds put forth by Stonefield in a thorough and careful manner. Following the denial of the writ in the District Court, Stonefield appealed to the United States Circuit Court of Appeals, Sixth Circuit, where the judgment of the District Court was affirmed. Stonefield v. Buchanan, 124 F. (2d) 23. It was after this that Stonefield filed his petition in the Lyon Circuit Court.

Judge Miller's opinion points out that, while Stonefield's appeal to this Court was in reality no appeal, as the question before him was not presented in the proceeding before us, it could have been presented by proper proceedings, and on that basis he felt that Stonefield's failure to have his matter reviewed by this Court was fatal to his position in the District Court. In the course of his opinion Judge Miller said:

"In the case at bar the petitioner had the opportunity to present to the Court of Appeals of Kentucky his contentions that the actions of the trial judge deprived him of his constitutional rights. The way was open to him to have the entire record reviewed. The machinery was provided and existed under the laws of the State of Kentucky for having these questions presented to and passed upon by its Court of Appeals, and in the event of a decision adverse to the petitioner there was also existing the possibility of a further review by the Supreme Court of the United States. This constituted the due process of law of which petitioner now complains he was deprived. Petitioner failed to take advantage of these rights. It was his own fault that he did not have included in the record the tendered bill of exceptions. The Court of Appeals of Kentucky pointed out to him the proper way in which to secure this important part of the record on appeal, but this advice was not heeded. We do not believe that having failed to avail himself of the remedies which were open to him in the Courts of Kentucky and in the Supreme Court of the United States, that the petitioner now has any right to have the matter considered at a later date by a Federal Court, and thus require the Federal Courts to review his case instead of having it reviewed in the State Court where it originated."

We have noted that the fifth ground urged for the writ is that the judgment of conviction was void, but this appears to be the conclusion of the petitioner upon the basis of the other grounds set forth. No question is raised as to the sufficiency of the indictment; as to the identity of the accused; as to his being the person charged in the indictment; or as to the jurisdiction of the trial court both of the person accused and of the crime with which he was charged. The foregoing quota-

tion from Judge Miller's opinion aptly sets forth that at no time during his efforts to obtain a writ of habeas corpus has Stonefield set up any ground which could not have been considered by this Court upon appeal. The case of Department of Public Welfare v. Polsgrove, County Judge, 250 Ky. 517, 63 S. W. (2d) 603, fully sets forth that it is well settled in this and other jurisdictions that a writ of habeas corpus does not lie to grant remedies available on appeal.

It follows, therefore, that the judgment of the Lyon Circuit Court denying the writ was correct, and therefore it is affirmed.