## Hampton v. Whaley.

October 10, 1950.

A. E. Funk, Attorney General, John B. Browning, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Affirming.

The appeal is from a judgment denying appellant his freedom, under a writ of habeas corpus, from confinement in the Kentucky State Reformatory, wherein he is serving a life sentence following conviction in the Boyd Circuit Court under KRS 431.190, commonly known as the Habitual Criminal Act.

With the record in this case, appellant, acting as his own attorney, has filed the record, sans evidence, of the case wherein he was convicted in the Boyd Circuit Court. He charges that the indictment "fails to conform to the 'law of the land' or/and judgment of your peers," on which account the judgment is void. He has filed no brief and gives no reason for his conclusion that the judgment is void except the bare statement that the act under which the indictment was drawn violates article 6 and amendments 1, 5, and 14 of the Constitution of the United States and Sections 11, 12, 13, 14, and 51 of the Constitution of Kentucky.

KRS 431.190 was contained in the Act revising the statutory laws of the Commonwealth passed by the General Assembly at its Regular Session in the year 1942, the title of which, as we have heretofore decided, does not contravene the provisions of Section 51 of the Constitution. Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S.W.2d 41.

In many previous cases we have upheld the validity of the Habitual Criminal Act, one of the latest being Ward v. Hurst, 300 Ky. 464, 189 S.W.2d 594, 597. All of the cases declaring the Act to be valid have been decisions in respect to specific objections to the Act which were susceptible of specific analysis. But the attack here is so general that it would require the preparation of a textbook to cover the subject. Our inquiries necessarily must be confined to questions specifically raised. Despite this fact, we have examined the record and find no flaw in the indictment nor error in the instructions. We are of the additional opinion that the Act in question does not violate any designated section of the Constitution of the United States or that of Kentucky. The judgment therefore is not void. It

follows that it may not be attacked collaterally. Appellant's remedy, if any he had, was by appeal from the judgment of conviction in the Boyd Circuit Court. He did not avail himself of his right. Consequently, he has not asserted any ground to show that the Trial Court erred in refusing to grant his release under a writ of habeas corpus. Stonefield v. Buchanan, 289 Ky. 386, 158 S.W.2d 970.

The judgment is affirmed.