**Jewell HOLT (pro se), Appellant,**

v.

**COMMONWEALTH of Kentucky et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1957.

Rehearing Denied March 7, 1958.

Jewell Holt, pro se.

Jo M. Ferguson, Atty. Gen., Edw. L. Fossett, Asst. Atty. Gen., for appellees.

STANLEY, Commissioner.

The judgment denied the appellant, Jewell Holt, a prisoner in the penitentiary, the right to be released on a writ of habeas corpus. The petition for the writ and the brief filed in this court set forth twelve grounds for relief from a judgment of the Laurel Circuit Court entered in January, 1956, and the accompanying sentence of Holt to imprisonment for life upon a plea of guilty. The indictment charged him with housebreaking and having previously been successively convicted of two other felonies, namely, housebreak-

ing and transporting a stolen automobile in interstate commerce. There are in this record two other judgments against the appellant entered on pleas of guilty at the same term of the Laurel Circuit Court. Both are also of housebreaking, and each sentences Holt to two years in the penitentiary to be served concurrently with the life sentence.

The appellant contends that he was deprived of due process of law in many particulars.

■ (1) Only the face of the indictment is copied in the record. It does not show the endorsement by the foreman of the grand jury as being a "True Bill" as is required by § 119 of the Criminal Code of Practice. Those endorsements are usually on the back of the indictment. Nor does the record contain the order of court showing that the indictment was presented by the foreman in the presence of the grand jury and filed by the clerk as required by § 121 of the Criminal Code of Practice. In the absence of an affirmative showing to the contrary, the court must presume that there were such endorsements and order. Moreover, evidence was heard on the trial of the habeas corpus proceeding by the Lyon Circuit Court, and that evidence is not before us, so there is an additional presumption of regularity.

■ (2) The judgment of the Laurel Circuit Court recites that the defendant was present in person and was represented by an attorney and that his previous plea of not guilty was withdrawn and the defendant "having waived the right of a trial by jury, submitted the law and the facts, and being present, entered a personal plea of guilty to the charge in the indictment." The petitioner's affidavit in this proceeding states that he was represented by Calvin Little, an attorney; but neither he nor the court informed the petitioner that he was indicted as an habitual criminal or was entitled to a jury trial or that on a plea of guilty he could or would be sentenced to life imprisonment; that had he known

these facts, he would not have pleaded guilty. The petitioner is contending that the charge of being an habitual criminal is severable from the charge of committing the principal offense and that he was entitled to a jury trial upon that accusation even though he pleaded guilty to the charge of housebreaking. The plea of guilty was to the whole indictment. It was entered by the defendant in person, as is required by § 173 of the Criminal Code of Practice. It is to be presumed that the defendant had been arraigned or had waived arraignment as provided in § 155 of the Criminal Code of Practice, since he had previously entered a plea of not guilty. If he did not have the indictment read to him, he waived it and is chargeable with knowledge of its contents. He very definitely learned the consequences of his plea when he was sentenced and then made no objection and gave no reason why he should not be sentenced in accordance with the judgment. The record imports knowledge of all this, and, having a competent attorney, the courts may not at this late date assume that he was not fully advised of his rights. Again we point out that evidence was heard on the trial of the habeas corpus proceeding, and in its absence we must presume that this matter was gone into and that the evidence supported the implicit finding of the court that the contention was not sustained.

■ (3) The voluminous attack upon the constitutionality of the habitual criminal statute is without merit. This court has always held and must again hold the statute to be constitutional. See Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728; Hampton v. Whaley, 313 Ky. 611, 233 S.W.2d 273.

■ (4) A number of other challenges to the validity of the judgment, such as that the indictment is duplicitous in charging the principal offense and the prior convictions, raise questions of error which might have been considered on an appeal from the judgment. The challenges are

without merit; but if they had merit, the errors would not render the judgment void, which is a prerequisite to release upon habeas corpus.

■ (5) Appellant contends that a defendant may not waive a trial by jury when he is charged with a felony.

Formerly § 258 of the Criminal Code of Practice authorized the acceptance by the court of a plea of guilty of a felony but required that a jury fix the penalty within the statutory limits. That procedure was within the constitutional guarantee of a trial by jury provided by § 7 of the Kentucky Constitution since the guarantee relates only to the submission of the question of guilt or innocence under a plea of not guilty, and a plea of guilty dispenses with the necessity of a trial of that issue. In a case in which a prisoner in the Eddyville Penitentiary sought release under habeas corpus, the judgment had been entered on a plea of guilty to an indictment for a specific crime, accompanied by the allegation of two previous convictions. We held that since the punishment had been fixed by jury, the defendant's constitutional rights had been protected and he was not entitled to be discharged on the ground of a denial of a jury trial. Ward v. Hurst, 300 Ky. 464, 189 S.W.2d 594. Section 258 of the Criminal Code of Practice was amended in 1952 so as to authorize a defendant to waive not only the right to have a jury determine the question of guilt or innocence, but to authorize the court, upon agreement of the defendant "with advice of an attorney" to fix the punishment except where the offense is punishable by death. As shown above, the defendant, now the appellant, was represented by an attorney. Upon a plea of guilty to this indictment, the imposition of a life sentence was mandatory upon the court. Ward v. Hurst, supra. In Lee v. Buchannan, Ky., 264 S.W.2d 661, we held this procedure did not deprive an accused person of any constitutional right.

We find no merit, therefore, in any of the appellant's contentions and are of opinion that the judgment dismissing his petition for release upon a writ of habeas corpus is proper.

*The judgment is accordingly affirmed.*