**Charles Leroy HAMM, Appellant,**

**v.**

**Paul H. MANSFIELD, Commonwealth's Attorney, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 17, 1958.

Charles Leroy Hamm, pro se.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellees.

BIRD, Judge.

In 1956, the appellant, Charles Leroy Hamm, was convicted of storehouse breaking, under KRS 433.190 and, under the Habitual Criminal Act, KRS 431.190 was sentenced to life imprisonment. In that action he filed motion and grounds for new trial which were overruled. He appealed to this Court and the judgment was affirmed. Hamm v. Commonwealth, Ky., 300 S.W.2d 562.

On October 9, 1957, he filed a "Petition for Writ of Error Coram Nobis". The trial court properly treated the petition as one for relief under CR 60.02, the writ of coram nobis having been abolished. Harris v. Commonwealth, Ky., 296 S.W.2d 700; Green v. Commonwealth, Ky., 309 S.W.2d 178. The petition set forth in minute detail each ground upon which the petitioner relied. The Commonwealth moved for a dismissal upon the ground that the petition did not state a claim upon which relief could be granted. The trial court sustained the motion and entered a judgment dismissing the petition.

The petitioner appeals to this Court. There can be only one question here. Does the petition state a claim upon which relief can be granted? We shall look to the petition alone for the answer. First, he complains that evidence procured by reason of an illegal search and seizure was introduced in the original trial over his objection. Second, he complains that other incompetent and irrelevant evidence was introduced over his objection. Third, he complains of the instructions given and the failure to give the whole law of the case. Fourth, he complains that his attorney was not present with him when sentence was pronounced. Fifth, he claims to have newly discovered evidence tending to establish his innocence. He has filed the affidavits of two persons in support of the fifth ground. Each affidavit positively states that the petitioner did not commit the crime. One comes from a codefendant, now confined in the penitentiary, who says that he alone committed the crime and the other comes from a girl friend who affords him an alibi.

Relief under CR 60.02 in actions of this kind may be granted only upon recognized and limited coram nobis principles. Harris v. Commonwealth; Green v. Commonwealth, supra. Coram nobis is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds not appearing on the face of the record and not available by appeal or otherwise, and not discovered until after the rendition of the judgment without fault of the party seeking relief. Harris v. Commonwealth; Green v. Commonwealth, supra. It can readily be seen that the first four grounds were available to the petitioner on his original appeal. Though he relied on the third only for reversal, the other grounds were available to him. Therefore under the foregoing authorities he cannot be relieved of the judgment on any of the first four grounds.

The affidavits filed in support of the fifth ground show conclusively within themselves that the petitioner exercised no diligence to secure the testimony of the witnesses who made the affidavits. The girl friend was arrested with him in a hotel room and she says that she had been

with the petitioner night and day, and that he could not possibly have committed the crime. If this is true, the petitioner knew it from the moment of his arrest and yet made no effort, so far as the record discloses, to secure her testimony. The affidavit of petitioner's codefendant shows that the codefendant was in police court with the petitioner after their arrest and that codefendant testified that he hid the stolen goods in petitioner's room without his knowledge. If this is true, the petitioner knew it from the day of their appearance in police court. The record discloses that the codefendant was present in the court room when petitioner was tried and convicted. Yet, he made no move to secure his testimony. It must be concluded that the failure to have the testimony of these witnesses was the fault of the petitioner. Therefore, under the authorities cited, the relief sought will not be granted.

In this action the petitioner has acted as his own counsel. His points have been presented well but for the reasons stated he has failed to bring his case within the rules governing coram nobis.

The judgment is therefore affirmed.