Charles Leroy HAMM, Appellant,

v.

William L. JONES, Warden, Kentucky State
Penitentiary, Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1962.

Charles Leroy Hamm pro se.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Charles Hamm, was convicted in the Fayette Circuit Court of storehouse breaking, KRS 433.190, and sentenced to imprisonment for life under the Habitual Criminal Statute, KRS 431.190. The judgment was appealed to this court and was affirmed. Hamm v. Commonwealth, Ky., 300 S.W.2d 562.

On October 7, 1957, appellant filed a petition for a writ of coram nobis in the Fayette Circuit Court where the petition was treated as one asking for relief under CR 60.02—the writ of coram nobis having been abolished. The trial court entered a judgment dismissing the petition and on appeal the judgment was affirmed. Hamm v. Mansfield, Ky., 317 S.W.2d 172.

On the 5th day of August 1961, appellant filed a petition for a writ of habeas corpus in the Lyon Circuit Court which was dis-

missed by the court on the ground that the petition did not state facts upon which relief could be granted. An appeal has been taken from that judgment.

Appellant urges that the judgment was void because: (1) The arrest was illegal and in violation of his constitutional rights; (2) The search of his room in the hotel was illegal and therefore the evidence obtained under it was inadmissible; (3) He was deprived of effective assistance of counsel; (4) He was denied his constitutional right to be represented by counsel at all times during the trial.

This court has repeatedly held that a writ of habeas corpus should not issue except upon probable cause being shown that a judgment under which one is imprisoned is void. Duke v. Commonwealth, Ky., 287 S.W.2d 423; Lynch v. Jones, Ky., 342 S.W.2d 394; Adkins v. Commonwealth, Ky., 328 S.W.2d 412. It is also a firmly established rule that a petition for habeas corpus must be dismissed where it does not set up any ground which could not have been considered by this court on an appeal from the conviction. Hampton v. Whaley, 313 Ky. 611, 233 S.W.2d 273; Brown v. Hoblitzell, Ky., 307 S.W.2d 739; Stonefield v. Buchanan, 289 Ky. 386, 158 S. W.2d 970; Vickery v. Lady, Ky., 264 S.W. 2d 683.

Appellant's first contention is based upon the fact that the Lexington police who were investigating a storehouse breaking learned that appellant had been seen in the company of another person who was suspected of having committed the crime. They went to appellant's hotel room door and when appellant responded and opened the door the officers saw a woman in his bed who appellant admitted was not his wife. Thereupon they arrested him and charged him with loitering. He complains that this was done without a warrant or legal cause. However this was not the crime for which appellant was convicted and for which he is serving his sentence in the penitentiary. We cannot recognize any relevancy it may have except insofar as it may concern illegal search and seizure which is appellant's second ground for reversal.

Two days after the arrest the police returned to the room which appellant had been renting on a daily basis and obtained permission from the person in charge of the hotel to search his room. They found between the leaves of a magazine which was under the mattress of the bed certain checks which had been stolen and which we suppose were used in the trial which led to appellant's incarceration, although the record is not clear on this point. From the sparse record we have before us we are not prepared to say this was an illegal search because no property of the appellant was searched, only property which belonged to the owner of the hotel who had given his permission for the room to be searched after appellant had vacated it. But even had the search been illegal, such a question should have been presented on the original appeal and in no event would the conviction and judgment be rendered void so as to subject it to a collateral attack.

Appellant next contends that he was deprived of effective assistance of counsel. He stated in his brief that:

"During the course of said trial, that the commonwealth introduced as evidence, evidence which was unreasonable and unlawfully seized from (Petitioner's) appellant's place of residence by police officers acting without a warrant of arrest or search warrant upon their 3rd such search in as many days, in violation of the rights and immunities guaranteed appellant under the mandatory provisions of both the state and federal constitutions, that, his court appointed counsel challenged the legality of said unreasonable search and seizure and objected to the admittance of said evidence as admissible evidence, was overruled by the court and saved an exception to same, which was noted

in the record. That, although a seasonable exception had been saved upon same, still said court appointed counsel wilfully, intentionally and flagrantly neglected to take advantage of said seasonable exception by alleging said ruling to be in error and incorporating same as a part of the record, on motion and grounds for a new trial, in the bill of exception and upon appeal * * *."

As indicated above, we are not prepared to accept appellant's premise that the search was illegal. It may well be that counsel (he was represented by two counsel on the trial of the case and four upon the first appeal) decided that the most important questions to be preserved for appeal involved the instructions which were given. There is nothing in the record that indicates appellant was not represented by efficient, reputable members of the Lexington bar.

A similar question was decided in Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied, 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002, where it was said:

"There is no allegation that the court did not select defendant's counsel with care and with due regard for appellant's constitutional right. We must assume that the court appointed a reputable member of the bar in whom it had confidence * * *.

"It is clear that once competent counsel is appointed his subsequent negligence does not deprive the accused of any right under the Sixth Amendment. All that amendment requires is that the accused shall have the assistance of counsel. It does not mean that the constitutional rights of the defendant are impaired by counsel's mistake subsequent to a proper appointment.

"The petitioner here must, therefore, rely upon the due process clause of the Federal Constitution which guarantees him a fair trial. But to justify habeas corpus on that ground an extreme case must be disclosed. It must be shown that the proceedings were a farce and a mockery of justice."

The foregoing case has been cited many times. In a recent opinion of the United States Court of Appeals of the 6th District in O'Malley v. United States of America, 285 F.2d 733, the court quotes with approval this language from the same case.

" 'Few trials are free from mistakes of counsel. How much these mistakes contributed to the result can never be measured. There are no tests by which it can be determined how many errors an attorney may make before his batting average becomes so low as to make his representation ineffective. The only practical standard for habeas corpus is the presence or absence of judicial character in the proceedings as a whole.' See also: Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 709, certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82."

We believe the appellant was well represented on the first appeal and had effective assistance of counsel.

■ Finally, appellant contends that he was denied his constitutional right to be represented by counsel at all times during the course of the trial. It was shown by affidavit of the attorney who represented appellant in his original trial in the circuit court that he was not present when the jury returned its verdict of guilty. In Powell v. Commonwealth, Ky., 346 S.W.2d 731, we held it was reversible error if counsel was not present at such a time. However, in that case the matter was properly raised upon appeal. In appellant's second appearance before this court upon a petition seeking relief in the nature of coram nobis (Hamm v. Mansfield, Ky., 317 S.W. 2d 172,) where he made the same contention, it was held that this error should have been presented on the original appeal and therefore could not properly be raised in a coram nobis proceeding. This same rule

applies to subsequent proceedings under petitions for writs of habeas corpus. The circuit court properly dismissed the petition and the judgment is therefore affirmed.

Judgment affirmed.