682

**Charles BARBER, Appellant,**

v.

**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

March 23, 1962.

Charles Barber, pro se.

John B. Breckinridge, Atty. Gen., Martin A. Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Charles Barber, a prisoner in Kentucky State Penitentiary, filed a petition for a writ of habeas corpus. After a hearing relief was denied by judgment of the Lyon Circuit Court.

We have a very meager record before us.

The petition for the writ alleges that Barber is being illegally "detained of his liberty" in violation of his rights under the 14th Amendment to the Constitution of the United States; that he is being held by the warden of the state penitentiary and that he was conveyed to the penitentiary by order of the Pulaski Circuit Court under a charge of breaking into and entering a public building, with a previous conviction under KRS 431.190. He prays that a writ of habeas corpus be issued and the respondent, Luther Thomas, warden, be directed to release him from further restraint.

We have nothing in the record either by way of testimony or copies of records in the proceeding alleged to have been had in the Pulaski Circuit Court under which appellant says he is being detained.

■ We have many times held that a writ of habeas corpus will not lie for release from imprisonment under a judgment unless the judgment is void. Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S.W.2d 603; Brown v. Commonwealth of Kentucky, Ky., 243 S.W.2d 885.

■ We will, however, discuss what appears to be the basic contention set forth in appellant's brief. It is insisted that KRS 431.190 is unconstitutional. It reads:

"Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

We have several times held this section to be constitutional. Holt v. Commonwealth, Ky., 310 S.W.2d 40, certiorari denied, 357 U.S. 909, 78 S.Ct. 1154, 2 L.Ed.2d 1158, wherein we said:

"The voluminous attack upon the constitutionality of the habitual crim-

inal statute is without merit. This court has always held and must again hold the statute to be constitutional. See Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728; Hampton v. Whaley, 313 Ky. 611, 233 S.W.2d 273."

See also Oyler v. Boles, Warden, U.S., 82 S.Ct. 501, where it is recognized that the constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.

We find the judgment of the circuit court correct and it is therefore affirmed.