RENDERED:  MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0153-MR

CHARLES G. MIDDLETON, III;
CHARLES G. MIDDLETON, III, IN
HIS CAPACITY AS CO-EXECUTOR
OF THE ESTATE OF LAWRENCE J.
MIDDLETON, SR.; AND LAWRENCE
J. MIDDLETON, JR., IN HIS
CAPACITY AS CO-EXECUTOR OF
THE ESTATE OF LAWRENCE J.
MIDDLETON, SR.                                                    APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                    ACTION NO. 16-CI-002566


STOCK YARDS BANK & TRUST
COMPANY (AS SUCCESSOR TO
COMMONWEALTH BANK & TRUST
COMPANY) IN ITS CAPACITY AS
SUCCESSOR TRUSTEE FOR THE
LAWRENCE L. JONES, SR. TRUST
UNDER AGREEMENT DATED
DECEMBER 28, 1933; AND PNC
BANK, N.A., IN ITS CAPACITY AS
PREDECESSOR TRUSTEE FOR THE
LAWRENCE L. JONES, SR. TRUST
UNDER AGREEMENT DATED
DECEMBER 28, 1933                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE: Appellants Charles and Lawrence Middleton, in their individual and representative capacities, appeal the Jefferson Circuit Court's January 11, 2024 order denying their CR[1] 60.02 motion for relief from that court's application of the legal interest rate of eight percent (8%) to a liquidated pre-judgment award of attorney fees. We affirm.

This case is before the Court for a third time. We outlined the facts in both *Middleton v. PNC Bank N.A.*, No. 2017-CA-001673-MR, 2019 WL 1224621 (Ky. App. Mar. 15, 2019) (hereafter *Middleton 1*), and *Middleton v. Commonwealth Bank and Tr. Co.*, No. 2021-CA-1035-MR, 2023 WL 3667587 (Ky. App. May 26, 2023), *review denied* (Dec. 6, 2023) (hereafter *Middleton 2*). The only relevant facts here are that the trial court's judgment in both opinions awarded attorney fees against Appellants bearing a pre-judgment interest rate of eight percent (8%).

---

[1] Kentucky Rules of Civil Procedure.

Appellants argue the most recent version of KRS[2] 360.040(1) must be interpreted to limit the pre-judgment interest rate to six percent (6%) and not the legal rate of eight percent (8%) identified in KRS 360.010(1) that the trial court awarded in *Middleton 1* and *2*. However, as we explain, we cannot reach this argument because the law of the case establishes pre-judgment interest here at 8%.

The most recent revisions of KRS 360.040 became effective on June 29, 2017. Just a few weeks later, on July 14, 2017, Appellants astutely made this very argument to the trial court in their original motion for summary judgment that pre-judgment interest is now capped at 6%. (Record (R.) 1211, 1228, and 1240.) The trial court expressly addressed the argument (R. 1292) before interpreting the revised statute, in conjunction with KRS 360.010(1), as permitting an award of pre-judgment interest as great as 8%. The trial court applied that 8% rate of pre-judgment interest on the attorney fees Appellees paid as part of the damages they suffered. (R. 1297.) Appellants appealed that judgment in *Middleton 1*.

Without ready access to the briefs in *Middleton 1* we cannot say for certain that Appellants failed to raise this argument. Our opinion merely notes there was a pre-judgment interest award without identifying the rate and without any allusion to its impropriety. However, we reversed, in part, and remanded the case because the trial court failed to "determine if the attorney fees and expenses

---

[2] Kentucky Revised Statutes.

were reasonable under all the relevant factors . . . ." *Middleton 1*, 2019 WL 1224621, at *9.

On remand, the trial court complied with our mandate and, on August 3, 2021, entered a nearly identical judgment, repeating its application of 8% pre-judgment interest on the award of attorney fees. *Middleton 2*, 2023 WL 3667587, at *4, *14. Appellants appealed again. *Id.* at *1. This time, we affirmed the trial court *in toto*. This time, we do have access to Appellants' filings in that appeal.

Appellants filed a Civil Prehearing Statement identifying nine (9) issues. None of the nine take exception to or even references the application of 8% pre-judgment interest to the attorney fee award. *Id.* (Civil Prehearing Statement, Attachment A, pp. 7-11, September 21, 2021). At the time, the applicable rule stated: "A party shall be limited on appeal to issues in the prehearing statement . . . ." CR 76.03(8) (2021) (superseded by RAP[3] 22(C)(2) (to the same effect)). This failure often leads to this Court's declaration that the issue is waived. *See, e.g.*, *Miller v. Skiles*, 591 S.W.3d 426, 431 (Ky. App. 2019). Of course, this Court has discretion "in interpreting its own rule of practice concerning the prehearing statement." *Am. Gen. Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 549 (Ky. 2008). So, the Court could have allowed the argument in the briefs even though

---

[3] Kentucky Rules of Appellate Procedure.

Appellants did not identify it in the Prehearing Statement. Unfortunately for Appellants, they never made or sought to make that argument in the briefs.

Appellants' initial and reply briefs in *Middleton 2* identify only these issues: (1) whether Appellants were entitled to have a jury decide damages in the form of attorney fees; (2) whether substantial evidence supported the claimed fees; (3) whether the fees were unreasonable; (4) whether the attorneys' hourly rates were excessive; (5) whether "block billing" was improperly pervasive; (6) whether the trial court applied the proper "lodestar" standard; and (7) whether the trial court improperly precluded expert testimony. *Middleton 2*, 2023 WL 3667587 (Appellants' Br., pp. iii-v, March 4, 2022). Appellants' Reply Brief added no new arguments. *Id.* (Appellants' Reply Br., pp. 1-5, May 17, 2022).

This Court rendered *Middleton 2* on May 26, 2023, affirming the trial court's August 3, 2021 judgment awarding 8% pre-judgment interest on the award of attorney fees Appellants owe Appellees. On November 3, 2023, six months after this Court affirmed the trial court's judgment and twenty-seven (27) months after the judgment on remand, Appellants filed a motion pursuant to CR 60.02 to amend that judgment by reducing the pre-judgment interest from 8% to 6%. The trial court denied the motion. Appellants appealed. Again, we affirm.

The circuit court addressed the substance of Appellants' argument by undertaking its own interpretation of the statute and denied the motion. The trial

court should not have reached the substantive argument and this Court does not assess its merits; however, that does not matter in this case. "Even if a lower court reaches its judgment for the wrong reason, we may affirm a correct result upon any ground supported by the record." *Wells v. Commonwealth*, 512 S.W.3d 720, 721-22 (Ky. 2017). And we do.

The court should have denied the motion on the procedural ground that, because Appellants ascertained the issue before the original judgment, and before the judgment on remand, they were precluded from pursuing relief pursuant to CR 60.02. Where grounds "for relief under a [CR] 60.02 motion are such that they were known or could have been ascertained by the exercise of due diligence prior to the entry of the questioned judgment, then relief cannot be granted from the judgment under a [CR] 60.02 proceeding." *Bd. of Tr. of Policemen's and Firemen's Ret. Fund of City of Lexington v. Nuckolls*, 507 S.W.2d 183, 186 (Ky. 1974). This rule applies even if no appeal is taken from the judgment.

> [R]elief under CR 60.02 "is not available for correction of an error or mistake of law by the court." *James v. Hillerich & Bradsby Co.*, 299 S.W.2d 92, 93 (Ky. 1957). Instead, such relief may only be granted "upon facts or grounds not appearing on the face of the record and not available by appeal or otherwise, and not discovered until after the rendition of the judgment without fault of the party seeking relief." *Hamm v. Mansfield*, 317 S.W.2d 172, 173 (Ky. 1958). In other words, "CR 60.02 is neither a substitute for, nor a separate avenue of, appeal." *Mauldin v. Bearden*, 293 S.W.3d 392, 397 (Ky. 2009).

-6-

*Bruenger v. Miller*, 706 S.W.3d 247, 261 (Ky. 2024) (footnote omitted).

Additionally, "[o]ur Supreme Court said that 'where a contention was not made, if it could or should have been made on appeal, the doctrine of *res judicata* prevented re-litigation of the same contention in a subsequent appeal.' . . . This is essentially an expression of the law of the case doctrine." *Brooks v. Lexington-Fayette Urban Cnty. Housing Authority*, 244 S.W.3d 747, 750 (Ky. App. 2007) (citation omitted) (quoting *Lebow v. Cameron*, 394 S.W.2d 773, 778 (Ky. 1965)).

Both the original judgment entered October 11, 2017, and the judgment entered upon remand on August 3, 2021, awarded pre-judgment interest of eight percent (8%). Appellants appealed both judgments and failed to raise the issue either time. "Any part of a judgment appealed from that is not briefed [such as a challenge to the rate of pre-judgment interest on an award of attorney fees] is affirmed as being confessed." *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000).

We have repeatedly recognized that both our criminal and civil procedural rules prohibit second (and third) bites at the apple such as Appellants are pursuing here. *Id.*; *Owens v. Commonwealth*, 512 S.W.3d 1, 14 (Ky. App. 2017). The bottom line is this – the finality and law-of-the-case doctrines prohibited the circuit court from granting the relief Appellants sought, and that is true even if there is merit in the substance of Appellants' argument. *See*

*Chesapeake & O.R. Co. v. Childers*, 219 Ky. 768, 294 S.W. 481, 482 (1927) (An erroneous jury instruction "remains the law of the case, even though it may be erroneous in the matter mentioned.").

Appellants were entitled to no relief on their motion pursuant to CR 60.02 before the trial court, and this Court is equally prohibited from granting such relief. Therefore, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Mark G. Hall
Charles G. Middleton, III
Louisville, Kentucky

BRIEF FOR APPELLEE STOCK YARDS BANK & TRUST COMPANY (AS SUCCESSOR TO COMMONWEALTH BANK & TRUST COMPANY) IN ITS CAPACITY AS SUCCESSOR TRUSTEE FOR THE LAWRENCE L. JONES, SR. TRUST UNDER AGREEMENT DATED DECEMBER 28, 1933:

Edward H. Stopher
Bethany A. Breetz
Ana I. England
Louisville, Kentucky