## Smith v. Bastin, et al.

(Decided June 24, 1921.)

### Appeal from Franklin Circuit Court.

1. Criminal Law—Voidable Judgment—Effect.—A judgment of conviction in a criminal case when merely erroneous or voidable, like that in a civil case, is, until vacated or reversed, conclusive of what it decides.

2. Criminal Law—Judgment—Collateral Attack.—The mere fact that the trial court overruled appellant's motion to be allowed to prosecute the appeal in forma pauperis was not a denial of the right of appeal, and if the trial court abused its discretion in overruling the motion, it was subject to review by this court, but the judgment though voidable can not be attacked collaterally.

3. Criminal Law—Indeterminate Sentence Law—Effect of Finding Under.—As there was no indeterminate sentence law when appellant was convicted the judgment should have been treated for two years only, because no discretion is conferred upon the prison officials to continue the confinement.

4. Criminal Law—Mandatory Injunction—Pleading.—The petition for a mandatory injunction on the ground that the judgment fixing an indeterminate sentence was voidable stated a cause of action and the trial court erred in sustaining a demurrer to it.

GUY H. BRIGGS and MORRIS & JONES for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Sam Smith, who was convicted under section 1159, Kentucky Statutes, in the Boyle circuit court in September, 1919, of the crime of having in his possession burglar tools, and adjudged to serve an inde-

terminate term of not less than two nor more than five years in the state penitentiary at Frankfort, began this action in the Franklin circuit court to obtain a mandatory injunction compelling appellees, Henley V. Bastin, et al., officers of the reformatory, to release appellant Smith from custody on the ground that the judgment of the trial court finding Smith guilty and sentencing him to the reformatory was irregualr and voidable, being for an indeterminate period when it should have been for a fixed, definite period. The indeterminate sentence law, once in force in this state, had been repealed before the crime of which appellant, Smith, was convicted had been committed. The penalty fixed in section 1159, Kentucky Statutes, for one convicted of having in his possession burglars' tools is not less than two nor more than ten years, and it is within the discretion of the jury to fix the term at any time within those limits, but not an indeterminate term, as from two to five years, as did the jury in this case. The judgment was voidable but not void. Underwood v. Commonwealth, 32 R. 32; Dial v. Commonwealth, 142 Ky. 32; Board of Prison Commissioners v. DeMoss, 157 Ky. 293; and Elswick v. Matney, 132 Ky. 294.

In the opinion in the case of Commonwealth v. DeMoss, *supra,* we said: "Indeed, it will further be conceded that the circuit court, in permitting appellee to be tried and convicted under the indeterminate sentence law, committed an error that would, had an appeal been taken by appellee, have compelled a reversal of the judgment of conviction. We so held in the case of Stewart v. Commonwealth, 141 Ky. 522, and again in Dial v. Commonwealth, 142 Ky. 32, both opinions being based on section 465, Kentucky Statutes. In each of these cases the accused was convicted under the indeterminate sentence law for an offense committed before its enactment. But appellee, unfortunately for the contention now urged, did not appeal from the judgment of conviction in his case. Though erroneous, the judgment is not void. A judgment of conviction in a criminal case when merely erroneous or voidable, like that in a civil case, is, until vacated or reversed, conclusive of what it decides, neither being subject to collateral attack. Underwood v. Commonwealth, 32 R. 32; Buchannon, etc. v. Henry, 142 Ky. 628; Elswick v. Matney, 132 Ky. 294."

The gist of complaint in this action is that after the trial and conviction of appellant and on his motion he

was granted by the Boyle circuit court an appeal to this court, and filed his motion supported by affidavit, as in section 884, Kentucky Statutes, provided, to be allowed to prosecute this appeal *in forma pauperis;* said motion was overruled by the trial judge, and the appeal was dropped by appellant, because he says he was unable financially to carry it to this court. A litigant has no natural or constitutional right to an appeal; it is a matter under legislative control. The legislature had provided for appeals in criminal cases such as this, and it prescribed the way and manner in which an appeal could be taken and perfected, and an appeal could not be taken otherwise. The mere fact that the trial court overruled appellant's motion to be allowed to prosecute the appeal *in forma pauperis* was not a denial of the right of appeal, and if the trial court abused its discretion in overruling the motion to be allowed to prosecute the appeal as a poor person, it was subject to review by this court. Smith v. Sisters of the Good Shepherd, 87 Ky. 1076. This question could have been decided on motion for rule against the clerk and reporter made here, the simplest, easiest and least expensive way, and if the showing of appellant complied with the requirements of section 884, Kentucky Statutes, the lower court would have been directed to allow the appeal to be prosecuted without the prepayment of fees. No motion for rule against the clerk and reporter of the Boyle circuit court was entered in this court. Had such motion been made the relief asked would have been granted, if, as appears from the petition, the appellant brought himself within the requirements of section 884, Kentucky Statutes.

The remedy of appellant was by appeal. Had he pursued such remedy the judgment would have been reversed for new trial. But the judgment, though voidable, cannot be attacked collaterally as appellant attempts to do in this proceeding.

It is next insisted by appellant Smith that the verdict and judgment fixing his punishment at not less than two nor more than five years must be treated as one for two years only, there being no indeterminate sentence law in force at the time of the commission of the crime or at the time of the trial and entry of the judgment, of which complaint is made, and if so treated appellant being entitled to good time, is entitled to the relief prayed, his release from custody, the two years when credited by good time having expired last April.

All these things were sufficiently pleaded in the petition, to which a general demurrer was sustained by the trial court and the petition dismissed.

As there was, at the time of appellant Smith's conviction, no indeterminate sentence law and no board to administer such law and determine when a prisoner who was convicted under such sentence should be released, it would appear that the judgment must be treated as one for two years only, because otherwise the right to confine appellant in the reformatory after the termination of the two years would be left to the discretion of the superintendent and the officials of that institution, upon whom no such authority has been conferred by law. If the sentence of appellant Smith be construed and held to be one for two years only, then it must be treated as any other two-year judgment in a criminal case, and the appellant allowed seven days' good time a month, if his conduct has been such as to entitle him to such allowance.

Some courts, including those of Michigan, have held an indeterminate sentence pronounced when no indeterminate sentence law exists not void although rendered at a time when no such indeterminate sentence was authorized by statute, but is valid only for the minimum term fixed in the judgment. 13 Corpus Juris, 1308. This rule, we think, is sustained by reason. The judgment of which appellant Smith complains fixing his punishment at from two to five years must be held a valid judgment for the minimum term, two years, and void as to the residue. If his conduct as a prisoner has been such as to entitle him to good time under section 3801, Kentucky Statutes, appellant is entitled to his release. This case is easily distinguishable from the cases of Board Prison Commrs. v. Demoss, 157 Ky. 293; Underwood v. Commonwealth, 32 R. 32; Dial v. Commonwealth, 142 Ky. 32; Elswick v. Matney, 132 Ky. 294. Where we held the judgments fixing indeterminate sentences not void but only voidable on direct attack and enforcible *in toto* until so attacked, for in each of those cases the indeterminate sentence law was in force at the time of the trial and rendition of the judgment, and there existed a board for its administration, although it was not at the time of the commission of the crime, while in this case it was not in force at either of said times nor since. One may, under section 465, Kentucky Statutes, elect to take

a penalty under a statute enacted after the commission of a crime, and it seems a defendant may in any case, by his acquiescence or avowal, elect to take a penalty which is not more severe than that imposed by statute and be bound by his election. The conduct of appellant in failing to prosecute an appeal after he had prayed and was granted one to this court would indicate that he elected to accept the penalty fixed in the verdict and judgment of which he now complains when properly construed and applied. If due such good time and it be allowed and taken from the two years' period for which the judgment was valid, it is admitted appellant Smith is entitled to the relief sought in his petition. But as the prison officials have not answered to the merits of the case it is impossible for this court to determine whether appellant is entitled to the good time claimed by him without which his two years' term has not expired.

The petition stated a cause of action and the trial court erred in sustaining the demurrer and dismissing the action.

Judgment reversed for proceedings consistent herewith.