## Marcum et al. v. Wallace.

(Decided October 9, 1931.)

L. G. CAMPBELL, W. H. MILLER, and B. J. ELAM for appellants.

WM. L. WALLACE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Dismissing appeal.

This is an appeal from an order of the Madison circuit court overruling appellants' motion to be permitted to prosecute in forma pauperis an appeal from a judgment rendered in that court against them in favor of the appellee C. C. Wallace and to require the clerk of that court to furnish them without cost a transcript of the record in that litigation. The appellants have made as an appellee to the present appeal only C. C. Wallace who is neither the clerk of the Madison circuit court nor the official stenographer of that court, but is the party in whose favor the judgment, which it is proposed to appeal, was rendered. The instant appeal is prosecuted on a transcript of the proceedings had on appellants' motion made in the circuit court to be allowed to prosecute their appeal from the Wallace judgment in forma pauperis.

The proper procedure in a case of this character is as set out in the cases of Smith v. Sisters of the Good Shepherd, 87 S. W. 1076, 27 Ky. Law Rep. 1170, and Smith v. Bastin, 192 Ky. 164, 232 S. W. 415. A party desiring to prosecute an appeal in forma pauperis should, of course, first make application to that end in the circuit court. If his application there be denied, he should file in this court a certified copy of the judgment from which he desires to appeal, a certified copy of the order of the circuit court overruling his motion to prosecute that appeal in forma pauperis, such affidavits as he may deem necessary to establish his right to appeal in forma pauperis, and a motion for a rule against the clerk and/or official stenographer to show cause why they or either of them should not furnish without cost to the

appellant such parts of the record on appeal as is their duty to prepare and furnish for appeals.

When this is done, a rule or rules will issue as requested. On the response of these officers being filed, the case will be submitted for such action as this court thinks proper on the showing made.

No such procedure was followed here. The clerk of the Madison circuit court, the real party in interest, was not even made a party to the instant appeal. On the contrary, the only appellee is the successful party in the litigation in which appellants are seeking to appeal in forma pauperis and who is not interested in the instant appeal. It follows that the present appeal will have to be dismissed though, of course, without prejudice to appellants' right by the proper procedure to seek to be allowed to prosecute the appeal they desire in forma pauperis.