## McIntosh v. Armour & Co. of Illinois et al.

May 12, 1939.

Charles L. Seale, Judge.

J. Mott McDaniel and Richard P. Dietzman for appellant.

E. B. Rose for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Overruling motion.

This procedure by appellant, Frances McIntosh, was instituted by her making motion in this court for a rule against Mrs. Christine Bradley, the official stenographer of the Lee circuit court in which the case was

tried, for an order requiring respondent (stenographer) to furnish appellant without charge a certified transcript of the testimony heard at the trial of the case in the Lee circuit court. The relief is sought on the alleged grounds that appellant is a poor person and unable to pay the statutory fees for making the transcript. A similar motion was made in the trial court at the hearing of which testimony was heard and the court overruled it. This proceeding is in all respects similar to that taken in the case of Marcum v. Wallace, 240 Ky. 444, 42 S. W. (2d) 531, 532; but it is stated in that opinion that the appeal (or procedure) was prosecuted "on a transcript of the proceedings had on appellant's motion made in the circuit court to be allowed to prosecute their appeal" from the adverse judgment in the trial court against movant in this court. However, there is no transcript brought here of the evidence heard by the trial court on the motion to grant the free service from the official against whom the rule was sought. The defect found in the Marcum case was, that the officer against whom the motion was directed was not before this court on the hearing of the motion made here, but only the opposing litigant who won the case against the movant in the court below. That error was cured by the instant movant (the appellant) and the procedure conforms to the practice as outlined in the Marcum opinion, with the exception that no transcript of the evidence heard by the trial court in denying the same type of motion made therein, has been made a part of this record.

The hearing in this court—prosecuted in the manner outlined in the Marcum opinion—is not a de novo one, since our jurisdiction in the circumstances is that of a reviewing court only, the same as is any ordinary appeal brought to this court. Our only function in disposing of such a motion so made is to determine whether or not the trial court upon the evidence before it properly determined the issue. It is true that in the Marcum opinion it is said, parenthetically (but which was unnecessary to a determination of the questions submitted) that the movant in this court on such a hearing should file "such affidavits as he may deem necessary to establish his right to appeal in forma pauperis," which might or might not mean that this court would conduct a de novo hearing, contrary to the jurisdiction conferred upon it by Section 110 of our Constitution, which per-

mits de novo hearings by us only in the exceptional cases pointed out in that section, but which do not embrace applications of this kind and character. In the absence of the evidence heard upon the trial of the motion in the circuit court it will be presumed that it was sufficient to sustain the order of that court overruling the motion, and it will also be presumed that there has been no change in financial condition of movant since that hearing.

However, respondent (stenographer), in response to the motion for the rule against her, not only denied the alleged impoverished condition of movant and appellant, but specifically averred that she is the owner of considerable property—some of which is unencumbered real estate, and that she is, therefore, not entitled to the relief sought upon the ground that she was and is a pauper. Not only so, but it is further averred in the response that the husband of Mrs. McIntosh also owns property and is engaged in a more or less lucrative occupation and, furthermore, that she has children and other close relatives who are amply able financially to pay for and procure the transcript of the testimony she seeks in order to obtain a review by this court of her case tried in the Lee circuit court. Those allegations are not denied, nor does movant in any part of the procedure taken by her in this court claim to be of that class of litigants to whom such relief is granted. She merely recites that she made such a motion in the trial court which was overruled by it, but nowhere does she claim that she was then or is now a pauper and unable to pay for the transcript of the evidence which she seeks to obtain by this procedure.

For the reasons indicated, the motion is overruled.