## Gulley v. Whaley, Warden.
### November 21, 1950.
### Oldham Clarke, Judge.

Delmer Eugene Gulley, pro se.

A. E. Funk, Attorney General, for appellee.

JUDGE HELM—Dismissing appeal.

On March 2, 1950, appellant, Delmer Eugene Gulley, filed a petition for a writ of habeas corpus in the Oldham Circuit Court, alleging that he was being unlawfully detained by appellee, R. L. Whaley, Warden, Kentucky State Reformatory, LaGrange, Kentucky, "on an in-

valid, illegal, void and unauthorized mittimus commitment" from the McCracken Circuit Court, January term, 1948, under a judgment "in cases Nos. 6450, 6451, and 6652, for the alleged offenses of incest."

From certified copies of the indictments, verdicts, and judgments filed with the record, it appears that appellant was charged in three cases with carnally knowing his daughter; that he plead guilty to the charges and was sentenced to seven years imprisonment on each charge.

From the record it appears that the judgments were not void, but were erroneous. Appellant's petition for writ of habeas corpus was dismissed in the circuit court on March 9, 1950.

Criminal Code of Practice, section 429-1, provides: "Any party to a trial under a writ of habeas corpus may appeal to the Court of Appeals by filing with the clerk of the Court of Appeals, within ten days after the entry of the judgment, the original record and a transcript of the evidence, together with a notice of appeal, which notice shall be served on the other parties at least two days before the appeal is filed. * * *"

The "original record" was not filed in this court until April 20, 1950, and no notice of appeal was served on "the other party," the appellee, as required. For these reasons appellant's appeal must be dismissed. Wyatt v. Goodlett, 311 Ky. 583, 227 S. W. 2d 406; Donovan v. Harrison, 299 Ky. 714, 187 S. W. 2d 280; Montgomery v. R. L. Whaley, Warden, Kentucky State Reformatory, 314 Ky. 234 S.W.2d 268, decided November 10, 1950.

Appeal dismissed.