## FOSTER v. BUCHANNAN.

Court of Appeals of Kentucky.

Dec. 12, 1952.

vested by law with such jurisdiction. Shepherd v. Rich, 214 Ky. 684, 283 S.W.2d 1006.

Under authority of the cases above cited the action is dismissed.

———◇———

Robert D. Foster, pro se.

W. Owen Keller, Frankfort, for respondent.

**WHEELER et al. v. KAZEE.**

Court of Appeals of Kentucky.

Dec. 12, 1952.

PER CURIAM.

Petitioner, serving a sentence on a charge of forgery, is seeking to have this court hold that he is illegally confined in the Eddyville penitentiary. He proceeds in his proper person, but the record on which he submits his cause is neither proper in form nor sufficient in substance. The filing consists of a copy of a petition which he says was filed in the circuit court making application for a writ of habeas corpus. It fails to bear indorsement showing it was there filed. There is also an exhibit which evidences no filing except with the clerk of this court. There is no copy of a judgment disposing of his application, nor a transcript of evidence, or a recital thereof, if any was presented to the trial court. There is no sufficient notice of appeal.

Section 429–1, Criminal Code of Practice, provides that a party to a habeas corpus proceeding may appeal by filing with the clerk of the Court of Appeals the original record and transcript of evidence, with timely notice of appeal served on the other parties. We have consistently held that where there is failure of compliance with the Code provisions, section 429–1 this court is without jurisdiction. Gulley v. Whaley, 314 Ky. 99, 234 S.W.2d 499; Wyatt v. Goodlett, 311 Ky. 583, 227 S.W.2d 406.

The papers and documents presented to us by petitioner constitute nothing more than an original application for a writ of habeas corpus. This court is not