**John James PEARSON, Petitioner,**

**v.**

**COMMONWEALTH of Kentucky et al.,
Respondents.**

Court of Appeals of Kentucky.

May 11, 1956.

———◆———

Haynes E. Robinson, pro se.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for respondents.

John James Pearson, pro se.

Jo M. Ferguson, Atty. Gen., for respondents.

STANLEY, Commissioner.

John James Pearson, confined in the reformatory at LaGrange under judgment of the Jefferson Circuit Court, Criminal Branch, upon conviction of the offense of "obtaining property under false pretense", has filed in this court a petition for a writ of habeas corpus and a motion that he be allowed to obtain the record of his case and proceed in forma pauperis.

The Court of Appeals is without jurisdiction to consider initially a petition for writ of habeas corpus. Foster v. Buchannan, Ky., 253 S.W.2d 377; Robinson v. Commonwealth, Ky., 290 S.W.2d 473.

It is within the authority of a court rendering a judgment to allow a poor person to prosecute or defend an action without paying the costs. KRS 453.190. The jurisdiction of the Court of Appeals is appellate. So, a party desiring to prosecute an appeal in forma pauperis should first make application to that end in the circuit court, and if it is denied and he desires to pursue the matter further, to file in this court a certified copy of that record of the circuit court and a motion for a rule against the clerk or official stenographer or both to show cause why they or either of them should not furnish without cost to the appellant such parts of the record in the principal case as it is their duty to prepare and furnish. If satisfied prima facie of the movant's right, this court will issue a rule and consider the response of the officials and take such action as is deemed proper on the showing made. Marcum v. Wallace, 240 Ky. 444, 42 S.W.2d 531; McIntosh v. Armour & Co., 279 Ky. 517, 131 S.W.2d 393.

The petition for a writ of habeas corpus is dismissed, and the motion to be allowed to appeal in forma pauperis is overruled.