**Charles Ronald WYATT, Petitioner,**

v.

**Hon. Frank A. ROPKE, Judge, Jefferson Circuit Court, Louisville, Kentucky, Respondent.**

Court of Appeals of Kentucky.

July 1, 1966.

Manley N. Feinberg, Morris, Garlove, Waterman & Johnson, Louisville, for petitioner.

Frank A. Ropke, pro se.

GRANTING ORDER OF PROHIBITION

CULLEN, Commissioner.

Charles Ronald Wyatt, under indictment for armed robbery and scheduled for trial in that division of the criminal branch of the Jefferson Circuit Court presided over by Judge Frank A. Ropke, filed a motion with supporting affidavit that Judge Ropke vacate the bench. The motion was overruled, whereupon Wyatt brought the instant proceeding in this court seeking an order prohibiting Judge Ropke from presiding in the case.

A novel question is presented, in that the charged prejudice and bias of Judge Ropke relate only to the matter of whether Wyatt's sentence may be probated in the event he is convicted (or pleads guilty).

The petition herein alleges that after Wyatt had been arraigned and had pleaded not guilty a conference was held between his counsel and representatives of the Commonwealth's Attorney's office, at which was discussed the matter of whether Wyatt might plead guilty and, because of mitigating circumstances, receive a probated sentence. One of the assistant Commonwealth's Attorneys said that Judge Ropke would in no circumstances probate an armed robbery sentence. Thereafter Wyatt's

counsel requested an appointment with Judge Ropke to discuss the matter but was told by the judge: "There is no point in discussing this matter. I am not going to suspend any armed robbery sentence." The judge repeated several times, in open court, that under no circumstances would he suspend or probate the sentence of anyone convicted of armed robbery, regardless of the facts. Thereupon the motion to vacate the bench was filed.

 Militating against the granting of the relief herein sought are these considerations:

1. It is questionable whether probation proceedings are a part of the "trial" within the meaning of the statute, KRS 23.230, which provides for vacation of the bench upon affidavit that the judge will not afford a fair and impartial "trial". Cf. Thomas v. Hunter, 10 Cir., 153 F.2d 834; State v. Barrington, 198 Mo. 23, 95 S.W. 235; Reed v. State, 147 Ind. 41, 46 N.E. 135; State v. Levice, 59 Ariz. 472, 130 P.2d 53.

2. Probation is a matter peculiarly within the discretion of the trial court— so much so that, as this court said in Hurt v. Commonwealth, Ky., 333 S.W.2d 951 at 953, "it is difficult to conceive of any circumstances under which this court would be justified in substituting its judgment for that of the trial court upon the ground that such discretion had been arbitrarily exercised."

3. Ordinarily, if it were considered that the judge erred in not vacating the bench, the remedy would be by appeal, not by prohibition. Jake's Fork Coal Co. v. Wells, Ky., 362 S.W.2d 728.

However, all of these things pale into insignificance in the glaring light of the absolute unacceptability of a judge's attitude that upon an important matter of discretion, involving personal liberty, he *will not exercise his discretion* but will make a purely arbitrary decision. Such an attitude is wholly repugnant to any concept of proper judicial action, or of justice. The judge who adopts that attitude denies the very fundamentals of his office. He rejects the obligation of his oath under KRS 23.170, to "administer justice." The exercise of discretion is a mandatory judicial function, not a matter of choice of the judge.

The power and duty of this court under Section 110 of our Constitution to exercise a "general control of inferior jurisdictions" demand that the court forthwith disqualify a trial judge who has announced loudly and clearly that he will not exercise one of his judicial functions.

It is ordered that the respondent vacate the bench in the pending prosecution against the petitioner.

MONTGOMERY, J., dissents because he is of the opinion that the considerations listed in the majority opinion as militating against the granting of the requested relief are valid and should be controlling.