**Eugene ROBINSON, Petitioner,**

v.

**J. Miles POUND, Judge, Jefferson Circuit Court, Criminal Branch, 2nd Division, Respondent.**

Court of Appeals of Kentucky.

Oct. 11, 1968.

Stuart L. Lyon, David Kaplan, Louisville, for appellant.

Edwin A. Schroering, Jr., Carl C. Ousley, Jr., Louisville, for appellee.

DAVIS, Commissioner.

Eugene Robinson was convicted of the offense of armed robbery and sentenced to ten years' imprisonment. His motion for new trial was overruled, and he filed a notice of appeal. Shortly after filing the notice of appeal, petitioner made a motion in the circuit court for permission to appeal in forma pauperis. On July 8, 1968, an order was entered overruling the motion for permission to proceed in forma pauperis. All of the proceedings were had in the division of the Jefferson Circuit Court over which the respondent presides as judge.

Petitioner has invoked the original jurisdiction of this court pursuant to Kentucky Constitution Section 110 seeking an order requiring the respondent to permit him to proceed in forma pauperis. Cited in support of his position are certain decisions of the Supreme Court including Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R. 2d 1055; and Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed. 2d 290. Those authorities firmly establish the rule that a free record for purposes of appeal must be furnished to an indigent defendant and that no economic obstacle to an appeal can be permitted. We recognize those authorities, but we feel that they do not govern the present proceeding.

The record presented to us does not include a certified copy of the order denying the motion to appeal in forma pauperis, nor does it contain any transcript or other showing of evidentiary material upon which the circuit court's order was based. So far as we are advised from the record at hand, the petitioner may have utterly failed to establish indigence. Obviously, a free record for use on appeal is not available if the defendant is possessed of sufficient means with which to acquire the necessary records for use on appeal.

In Pearson v. Commonwealth, Ky., 290 S.W.2d 474, the procedure for prosecuting an appeal in forma pauperis was reiterated, as it had been laid down in Marcum v.

Wallace, 240 Ky. 444, 42 S.W.2d 531, and McIntosh v. Armour & Co., 279 Ky. 517, 131 S.W.2d 393. In the Pearson opinion it was written:

"* * *. So, a party desiring to prosecute an appeal in forma pauperis should first make application to that end in the circuit court, and if it is denied and he desires to pursue the matter further, to file in this court a certified copy of that record of the circuit court and a motion for a rule against the clerk or official stenographer or both to show cause why they or either of them should not furnish without cost to the appellant such parts of the record in the principal case as it is their duty to prepare and furnish. If satisfied prima facie of the movant's right, this court will issue a rule and consider the response of the officials and take such action as is deemed proper on the showing made. Marcum v. Wallace, 240 Ky. 444, 42 S.W.2d 531; McIntosh v. Armour & Co., 279 Ky. 517, 131 S.W.2d 393."

We point out that the reference to a certified copy of "that record of the circuit court" is construed as relating to the record compiled on the motion for permission to appeal in forma pauperis. Manifestly, it would be a futile thing to require an indigent defendant to present a complete record of his entire trial as a condition precedent to appellate review of an order denying him the right to appeal in forma pauperis.

RCr 12.63 provides:

"Upon leave to proceed in forma pauperis, the circuit court may by order specify some different and more economical manner by which the record on appeal may be prepared and settled, to the end that the appellant may be enabled to present his case to the Court of Appeals."

RCr 12.68 and 12.72 afford procedures for obtaining adequate but streamlined records for use on appeal.

Whenever a trial court denies a motion for appeal in forma pauperis, the trial court shall prepare a relatively brief record of the matters presented for use in this court in a proceeding as outlined in Pearson v. Commonwealth, Ky., 290 S.W. 2d 474.

Since the petitioner has adequate remedy by the procedures outlined herein, the extraordinary relief sought must be, and is, hereby denied.

All concur.