**Noble GABBARD, Petitioner,**

**v.**

**John P. LAIR, Judge, Respondent.**

Court of Appeals of Kentucky.

March 21, 1975.

Joe A. Jarrell, Asst. Public Defender, Frankfort, for petitioner.

CATINNA, Commissioner.

Noble Gabbard was convicted in the Pendleton Circuit Court of receiving stolen property and his punishment fixed at three years' imprisonment. Gabbard filed a timely notice of appeal. Later he moved that he be permitted to proceed on appeal in forma pauperis and in support of the motion filed an affidavit stating, " . . . that he is entirely without funds or property of any kind whatsoever with which to retain counsel and to pay the cost of an appeal." No counter-affidavits were filed. The trial court, without making any findings of fact, summarily denied the motion.

Gabbard now invokes the original jurisdiction of this court seeking an order requiring the trial judge to permit him to proceed in forma pauperis and also requiring that he be furnished a transcript of the evidence free of charge. In his response, the trial judge states that the motion was denied because Gabbard " . . . was represented by highly competent counsel whom he had retained and paid, . . . . " Finally, the trial judge states that he " . . . definitely does not believe this man to be a pauper." Regardless of what the trial judge may believe, there is no evidence in the record controverting Gabbard's affidavit that he is a pauper, and his holding to the contrary is clearly erroneous, being unsupported by any evidence. Therefore, the petition for writ of mandamus will be sustained and the relief sought will be granted.

Presently, appellate review of a trial court's order overruling a motion to appeal in forma pauperis may be obtained either by petitioning this court for a writ of mandamus or by filing a motion in this court for a rule against the circuit clerk and the court reporter to show cause why the record should not be furnished without cost.

A poor person has always been entitled to a transcript of the record for appeal, upon a showing that he is unable to pay for it. Cf. Collins v. Cleveland, Ky., 17 B.Mon. 459 (1856). If the trial court refused to order the circuit clerk to supply a free record, the appellant was required to proceed in this court against the circuit clerk by filing a copy of the trial court's order and a motion for a rule against the circuit clerk to show cause why he should

not furnish a free record. Smith v. Sisters of the Good Shepherd, Ky., 87 S.W. 1076 (1905). In *Smith* the right of an appellant to proceed in forma pauperis was not in issue. The only question before the court involved the procedure required to enforce those rights afforded one already proceeding forma pauperis.

In Smith v. Bastin, 192 Ky. 164, 232 S. W. 415 (1921), the court, in refusing to mandatorily order the release of a prisoner who had abandoned an appeal when denied permission to proceed in forma pauperis, said:

" . . . The mere fact that the trial court overruled appellant's motion to be allowed to prosecute the appeal in forma pauperis was not a denial of the right of appeal, and if the trial court abused its discretion in overruling the motion to be allowed to prosecute the appeal as a poor person, it was subject to review by this court. Smith v. Sisters of the Good Shepherd, 87 Ky. 1076. (Note: Correct citation 87 S.W. 1076.) This question could have been decided on motion for rule against the clerk and reporter made here, . . . . "

Marcum v. Wallace, 240 Ky. 444, 42 S.W. 2d 531 (1931), enlarged the procedural requirements by holding:

" . . . If his application there be denied, he should file in this court a certified copy of the judgment from which he desires to appeal, a certified copy of the order of the circuit court overruling his motion to prosecute that appeal in forma pauperis, such affidavits as he may deem necessary to establish his right to appeal in forma pauperis, and a motion for a rule against the clerk and/or official stenographer to show cause why they or either of them should not furnish without cost to the appellant such parts of the record on appeal as is their duty to prepare and furnish for appeals."

McIntosh v. Armour & Co. of Illinois, 279 Ky. 517, 131 S.W.2d 393 (1939), requires that there be filed with the motion to show cause a transcript of the evidence heard in circuit court upon trial of the motion to appeal in forma pauperis, it being said that the only function of this court in disposing of the motion to show cause is to determine whether or not the trial court, upon the evidence before it, properly determined the issue. Pearson v. Commonwealth, Ky., 290 S.W.2d 474 (1956), and Robinson v. Pound, Ky., 432 S.W.2d 645 (1968), approve the procedure as outlined in *Marcum* and *McIntosh*. In Robinson v. Pound, supra, it was held that the "motion to show cause" procedure was an available adequate remedy and, therefore, precluded resort to the extraordinary remedy of mandamus.

This court has concluded that the "motion to show cause" proceedings and the "mandamus" proceedings do not adequately present for consideration by this court the question of a party's right to appeal in forma pauperis. Seldom does the record contain a sufficient transcript or other showing of evidentiary material upon which the circuit court order was based, thereby causing this court to rely on recitations of fact to be gleaned from the motion, the petition, and any response that may have been filed. There is the ever-present danger that the time within which the principal record on appeal must be filed will expire before a determination is forthcoming on the question of appellant's right to prosecute the appeal in forma pauperis.

■ For the reasons herein set out, the right of an appellant to prosecute an appeal in forma pauperis shall hereafter be determined by an appeal to this court from the order of the circuit court denying appellant's motion to appeal forma pauperis.

■ In any criminal proceeding where a defendant proposes to appeal a judgment of conviction and desires to prosecute the

appeal in forma pauperis, the following procedure is required.

There must be a valid appeal pending from the judgment of conviction at the time the defendant files his motion in the trial court requesting permission to prosecute the appeal in forma pauperis. RCr 12.52 and RCr 12.54.

The order of the trial court overruling the motion of the appellant to prosecute the appeal in forma pauperis will be reviewed by this court on an appeal from the order filed in compliance with RCr 12.52 and RCr 12.54.

The notice of appeal from the order of the trial court shall be filed as required by RCr 12.52 and within the time fixed by RCr 12.54. However, a copy of the notice of appeal shall be served on the trial judge who entered the order.

Upon the filing of the notice of appeal from the order of the trial court, the clerk of the circuit court shall prepare and certify a copy of all proceedings had and evidence introduced at a hearing upon the motion to prosecute the appeal in forma pauperis. The certified record, including a copy of the motion, together with supporting documents and the order, shall be prepared and filed with the clerk of this court as required by RCr 12.56 and RCr 12.58. The appellant shall not be required to pay any fees or costs incident to the preparation and filing of this record.

Upon receipt of the certified record by the clerk of this court, the appeal shall be submitted for final disposition. No briefs need be filed unless requested by the court.

Until such time as the court disposes of the appeal on the motion to proceed in forma pauperis, the running of the time set by RCr 12.58 within which the record on the appeal from the criminal conviction must be filed shall be stayed.

Smith v. Bastin, 192 Ky. 164, 232 S.W. 415 (1921); Marcum v. Wallace, 240 Ky. 444, 42 S.W.2d 531 (1931); McIntosh v.

Armour & Co. at Illinois, 279 Ky. 517, 131 S.W.2d 393 (1939); Pearson v. Commonwealth, Ky., 290 S.W.2d 474 (1956); Robinson v. Pound, Ky., 432 S.W.2d 645 (1968), and all other cases holding that appellate review of an order denying the right to prosecute an appeal in forma pauperis may be obtained only by the filing in this court of a motion to show cause against the circuit court clerk and the court reporter are hereby overruled.

For reasons previously stated, the petition is sustained and the relief sought is granted.

All concur.