Randy E. ABRAHAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1977.

As Modified Nov. 18, 1977.

Charles W. Curry, Shuffett, Kenton, Curry & Karem, Lexington, for appellant.

Robert Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

Before PARK, WHITE and WINTERSHEIMER, JJ.

PARK, Judge.

Randy E. Abraham appeals from an order of the Breathitt Circuit Court overruling his motion to reduce bond on three indictments for theft by unlawful taking (KRS 514.030). This appeal presents important questions of procedure and substance relating to the 1976 Bail Bond Reform Act. Because of the exigencies of time, the mandate was issued September 23, 1977, pursuant to a memorandum opinion, with the understanding that the reasons for the decision would be set forth in a full opinion.

On August 18, 1977, the Breathitt County Grand Jury returned three indictments against Abraham charging him with the crime of theft by unlawful taking of property belonging to W. R. Walters, the property being worth more than $100.00. Indictment No. 1995 charges Abraham with the theft of two truck tires on May 15, 1977. Indictment No. 1996 charges him with the theft of a water pump on May 7, 1977. The third indictment (No. 1997) charges Abraham with the theft of seven heavy equipment batteries on April 15, 1977. The circuit judge fixed bond on each indictment at $25,000.00.

Following his arrest on August 24, 1977, Abraham filed a motion to reduce the amount of the bond on the three charges. The trial judge overruled the motion by order entered September 13, 1977. This order recited that it was a final order and that the court's ruling would be the same on a writ of habeas corpus based upon the same record. On September 15, 1977, Abraham filed a notice of appeal from the order of September 13, 1977, overruling his motion to reduce bond.

## MAY THERE BE A DIRECT APPEAL FROM AN ORDER OVERRULING A MOTION TO REDUCE BAIL?

Abraham's counsel acknowledges that the writ of habeas corpus has been the recognized method of reviewing an order denying or refusing to reduce the amount of bail in a criminal proceeding. *Young v. Russell*, Ky., 332 S.W.2d 629 (1960); *Smith v. Henson*, 298 Ky. 182, 182 S.W.2d 666 (1944). However Abraham's counsel advances a number of reasons why the writ of habeas corpus does not provide an adequate vehicle for reviewing the action of a circuit court overruling a motion to reduce bond.

■ A writ of habeas corpus may be issued by any circuit judge in the state (KRS 419.020), but the writ must be returned before the circuit judge of the county in which the person is being detained (KRS 419.030). Consequently, if Abraham had filed a petition for writ of habeas corpus, the merits of the writ would have been heard by the same judge who had previously overruled his motion to reduce the amount of bond. By the order of September 13, 1977, the circuit judge made it clear that there would be no change in his ruling if the same issue were presented by a writ of habeas corpus. To require Abraham to file a writ of habeas corpus would be to require him to do a useless and futile act which could only accomplish delay.

Furthermore, the writ of habeas corpus involves several practical difficulties in bail cases. The respondent is usually the jailer, a person totally disinterested in the merits of the matter. The writ of habeas corpus constitutes a separate proceeding. When an appeal is taken from the judgment on a writ of habeas corpus, there is always the problem of including the record in the original proceeding which gave rise to the writ.

■ In Kentucky, an order overruling a motion to reduce bond has not been considered to be a final judgment. Hence, such orders have not been deemed to be appealable. See the 1962 Comment to Rule 4.14 of the Rules of Criminal Procedure. However, a different result was reached when the Supreme Court of the United States considered the question in *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Under 28 U.S.C. § 1291, the federal courts of appeals generally have jurisdiction of appeals from "all final decisions" of the federal district courts. In holding that appeal rather than habeas corpus was the appropriate remedy for reviewing an order refusing to reduce bail, the Supreme Court stated:

> The proper procedure for challenging bail as unlawfully fixed is by motion for reduction of bail and appeal to the Court of Appeals from an order denying such motion. Petitioners' motion to reduce bail did not merely invoke the discretion of the District Court setting bail within a zone of reasonableness, but challenged the bail as violating statutory and constitutional standards . . . As there is no discretion to refuse to reduce excessive bail, the order denying the motion to

reduce bail is appealable as a "final decision" of the District Court under 28 U.S.C. (Supp. IV) § 1291, 28 U.S.C.A. § 1291. *Cohen v. Beneficial Industrial Loan Corp.*, 1949, 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528. In this case, however, petitioners did not take an appeal from the order of the District Court denying their motion for reduction of bail. Instead, they presented their claims under the Eighth Amendment in applications for writs of habeas corpus. While habeas corpus is an appropriate remedy for one held in custody in violation of the Constitution, 28 U.S.C. (Supp. IV) § 2241(c)(3), 28 U.S.C.A. § 2241(c)(3), the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted. *Ex parte Royall*, 1886, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; *Johnson v. Hoy*, 1913, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497.

342 U.S. at 6–7, 72 S.Ct. at 4. In his concurring opinion, Justice Jackson pointed out:

> . . . But an order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried—and unless it can be reviewed before sentence, it never can be reviewed at all. The relation of an order fixing bail to final judgment in a criminal case is analogous to an order determining the right to security in a civil proceeding, *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, or other interlocutory orders reviewable under 28 U.S.C. § 1292, 28 U.S.C.A. § 1292. I would hold, therefor, that such orders are appealable.

342 U.S. at 12, 72 S.Ct. at 7. We believe that the decision of the Supreme Court holding such orders appealable is sound, and we adopt it.

A similar problem was considered by this state's highest court in *Gabbard v. Lair*, Ky., 528 S.W.2d 675 (1975). In that case, the court held that appeal, rather than writ of mandamus, was the proper remedy for reviewing an order denying a criminal defendant's motion to proceed in forma pauperis on appeal. The court stated:

> This court has concluded that the "motion to show cause" proceedings and the "mandamus" proceedings do not adequately present for consideration by this court the question of a party's right to appeal in forma pauperis. Seldom does the record contain a sufficient transcript or other showing of evidentiary material upon which the circuit court order was based, thereby causing this court to rely on recitations of fact to be gleaned from the motion, the petition, and any response that may have been filed. There is the ever-present danger that the time within which the principal record on appeal must be filed will expire before a determination is forthcoming on the question of appellant's right to prosecute the appeal in forma pauperis.

528 S.W.2d at 677. Not only does the *Gabbard* case support a liberal approach to the question of appealable orders in criminal cases, but that opinion provides helpful guidelines for the procedures to be followed on appeal.

 If the time sequence of an ordinary appeal were followed on an appeal from an order involving bail, there would be very little practical value to that right of appeal. The defendant would remain in jail, and his case might be tried while the appeal was being briefed and oral argument was being scheduled. As adopted as a part of the judicial article effective January 1, 1976, § 115 of the Kentucky Constitution dictates that appellate procedures shall provide for "expeditious and inexpensive appeals." Therefore, an appeal from an order overruling a motion to reduce bail should be decided as soon as practicable. The motion to reduce bond serves the same function as a petition for a writ of habeas corpus. Therefore there is no reason why an appeal from the order overruling the motion should not be decided in the same manner as an appeal from a denial of a writ of habeas corpus. See KRS 419.130.

Based on the guidelines set forth in *Gabbard v. Lair, supra*, we hold that, unless otherwise ordered, the following procedures shall apply to an appeal from an order of circuit court overruling a motion to reduce bail:

(1) The notice of appeal from the order of the trial court overruling the motion to reduce bail shall be filed as required by RCr 12.52 and within the time fixed by RCr 12.54.

(2) Upon the filing of the notice of appeal, the clerk of the circuit court shall prepare and certify the original or a copy of such portion of the record which relates to the question of bail and is needed for the purpose of deciding the issue on appeal. See RCr 12.56 and 12.62. The abbreviated record shall be filed with the clerk of this court as required by RCr 12.58.

(3) The appellant's statement required by RAP 1.095 shall be abbreviated and shall not exceed five double spaced typewritten pages. It shall be served on the local Commonwealth's Attorney and on the Attorney General. No counterstatement shall be required, but the Commonwealth may file a counterstatement within seven days after the date the appellant's statement was filed, such counterstatement not to exceed five double spaced typewritten pages. No other briefs need be filed unless requested by the court.

(4) The appeal shall stand submitted for final disposition seven days after the date on which the appeal was perfected by the appellant.

(5) Neither the filing of the notice of appeal nor the pendency of the appeal shall stay further proceedings in the prosecution.

■ The writ of habeas corpus still remains the proper method for seeking circuit court review of the action of a lower court respecting bail. In many cases, there may be no order of the lower court even though there might be a violation of the Bail Reform Act. The writ of habeas corpus would be the only feasible means of raising the question of the defendant's illegal detention.

## DID THE CIRCUIT COURT ERR IN ITS ORDER OVERRULING THE MOTION TO REDUCE BOND?

The only evidence considered by the circuit judge on the issue of bail was the affidavit of Abraham which was made a part of the record by stipulation. Abraham's affidavit set forth the following facts:

That he is twenty-six (26) years of age; that he was born on July 25, 1951, in Richmond, Indiana; that he has an eighth-grade education; that he has resided in the Commonwealth of Kentucky for approximately seven (7) years (five years in Lexington, Kentucky, and two years in Richmond, Kentucky); that he presently resides in Richmond, Kentucky at Route 3, Blue Grass Homes, # 61, 40475, Phone: (606) 623–8234; that he is married (approximately eight years) and has two female children, ages three and five; that he has regular employment with ALL TRUCK RENTAL, of Lexington, Kentucky as per the letter attached hereto; that he has a prior felony conviction, attempted arson, for which he was sentenced to two-2 to 4 years in Montgomery County, Ohio in 1969; that he is presently lodged in the Breathitt County jail and has been in same since the 24th day of August, 1977 on the indictments herein; that the total value of the material alleged to have been taken has been agreed by the Commonwealth and counsel for the defendant to have an aggregate value of approximately One Thousand ($1,000.00) dollars; that said property has been recovered; that the defendant is unable to raise the Seventy-Five Thousand ($75,000.00) dollars in bail set by the Court and that his incarceration prohibits working, and that he has no property or funds with which to make same; that he would be able to raise approximately Two Thousand ($2,000.00)

dollars from friends and relatives for the purpose of bail; that he has never failed to appear in Court while on bond and that should reasonable bond be allowed, he would make any and all appearances Ordered by the Court.

The circuit court made no findings of fact in overruling the motion to reduce bond. As a basis for overruling Abraham's motion, paragraph (3) of the order entered September 13, 1977, stated:

That the bond set herein of Twenty-Five Thousand ($25,000.00) dollars on each count is the bond always set by this Court in theft and related cases, . . .

The correctness of this order must be considered in the light of the appropriate statutes and procedural rules.

 In the order of September 13, 1977, the trial court made no finding, as required by KRS 431.520 and RCr 4.10,[1]

that releasing Abraham on his own recognizance or upon an unsecured bail bond would not reasonably assure his appearance at trial. The order reflects that the trial court considered only the nature of the offenses in fixing the amount of bail. This is a proper factor to consider in fixing the amount of bail. However, under KRS 431.-525 (1) and RCr 4.16(1), the trial court is also required to consider the defendant's past criminal record, his reasonably anticipated conduct if released, and his financial ability to give bail.[2] In the present case, the order of September 13, 1977, does not indicate that the trial court considered Abraham's length of residence in Kentucky and at his present address, his marital status, his employment record, the date and nature of his prior criminal record, or his ability to raise $75,000.00 in bail. All of these factors would be relevant to a determination of the conditions of Abraham's

1. KRS 431.520 provides:

Any person charged with an offense *shall be ordered released* by a court of competent jurisdiction pending trial *on his personal recognizance or upon the execution of an unsecured* bail bond in an amount set by the court or as fixed by the Supreme Court as provided by KRS 431.540, *unless the court determines, in the exercise of its discretion that such a release will not reasonably assure the appearance of the person as required.* When such a determination is made, the court shall, either in lieu of or in addition to the above methods of release, impose any of the following conditions of release:

(1) Place the person in the custody of a designated person or organization agreeing to supervise him;

(2) Place restrictions on the travel, association, or place of abode of the person during the period of release;

(3) Require the execution of a bail bond:

(a) With sufficient personal surety or sureties acceptable to the court; in determining the sufficiency of such surety, or sureties, the court shall consider his character, his place of residence, his relationship with the defendant and his financial and employment circumstances; or

(b) With the 10% deposit as provided in KRS 431.530; or

(c) With the deposit of cash equal to the amount of the bond or in lieu thereof acceptable security as provided in KRS 431.535;

(4) Impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that

the person return to custody after specified hours; (emphasis added).

RCr 4.10 provides:

A defendant *shall be released* on personal recognizance or upon an unsecured bail bond *unless the court determines, in the exercise of its discretion, that such release* will not reasonably assure the appearance of the defendant as required. *In the exercise of such discretion* the court shall give due consideration to recommendations of the local pretrial services agency when made as authorized by order of the Supreme Court. (emphasis added).

2. KRS 431.525 provides:

(1) The amount of the bail shall be:

(a) Sufficient to insure compliance with the conditions of release set by the court;

(b) Not oppressive;

(c) Commensurate with the nature of the offense charged;

(d) Considerate of the past criminal acts and the reasonably anticipated conduct of the defendant if released; and

(e) Considerate of the financial ability of the defendant.

RCr 4.16(1) provides:

The amount of bail shall be sufficient to insure compliance with the conditions of release set by the court. It shall not be oppressive and shall be commensurate with the gravity of the offense charged. In determining such amount the court shall consider the defendant's past criminal acts, if any, his reasonably anticipated conduct if released and his financial ability to give bail.

release. See the annotation, 78 A.L.R.3d 780. In addition, the order provides no basis for believing that $75,000.00 bail is the least onerous condition reasonably likely to insure Abraham's appearance at trial. RCr 4.12.[3]

Great discretion is vested in the circuit judge respecting bail. When there has been an exercise of discretion by the circuit judge in fixing bail, that decision will not be disturbed by this court on appeal. *Long v. Hamilton*, Ky., 467 S.W.2d 139 (1971). However, the record should demonstrate that the circuit judge did in fact exercise the discretion vested in him under the statutes and rules. In the present case, the record shows only that the circuit judge always sets the bond at $25,-000.00 on every theft charge. This does not constitute the exercise of judicial discretion. See *Wyatt v. Ropke*, Ky., 407 S.W.2d 410 (1966). Even though the circuit judge had discretionary authority respecting bail, the record should clearly reflect that the circuit judge did give consideration to KRS 431.520 and RCr 4.10 and that the amount of any bail was determined according to the standards set forth in KRS 431.525 and RCr 4.16(1). See *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474, 478 (1977). If there is to be meaningful appellate review, either the order or the record of the hearing should contain a statement of the circuit judge's reasons for refusing to reduce bail. Cf. *Hubbs v. Commonwealth*, Ky., 511 S.W.2d 664, 666 (1974); *Lee v. Commonwealth*, Ky.App., 547 S.W.2d 792, 794 (1977); *Weaver v. United States*, 131 U.S. App.D.C. 388; 389, 405 F.2d 353, 354 (D.C. Cir.1968).

For the foregoing reasons, this court on September 23, 1977, reversed the order of the trial judge entered September 13, 1977. The case was remanded to the circuit court with directions to release Abraham on his own recognizance or on an unsecured bail bond within seven days unless the circuit

court, in the exercise of its discretion should set bail in compliance with the provisions of KRS 431.520, KRS 431.525 and RCr 4.00 et seq.

All concur.

---

3. RCr 4.12 provides:

If a defendant's promise to appear or his execution of an unsecured bail bond alone is not deemed sufficient to insure his appearance when required, the court shall impose the least onerous conditions reasonably likely to insure his appearance as required.