Marlin MERRICK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 2003–CA–000306–MR, 2003–CA–000990–MR.

Court of Appeals of Kentucky.

Feb. 20, 2004.

Reconsider Denied April 7, 2004.

Dennis M. Stutsman, Assistant Public Advocate, Frankfort, KY, for Appellant.

Marlin Merrick, Burgin, pro se.

Before BARBER, COMBS, and JOHNSON, Judges.

*OPINION AND ORDER*

BARBER, Judge.

This matter comes before us in response to an order directing appellant, represented by the Department of Public Advocacy, to show cause why appeal number 2003–CA–000306–MR, prosecuted under the expedited appeal procedure set out in *Gabbard v. Lair*, Ky., 528 S.W.2d 675 (1975), should not be dismissed as untimely, and upon appellant Merrick's *pro se* motion for belated appeal, appeal number 2003–CA–000990–MR, from the entry of an order granting his application to proceed in forma pauperis on appeal but requiring him to bear the costs associated with the preparation of the transcript of evidence. Because these proceedings are inextricably intertwined, arise from the same order, and depend upon the same record for reso-

lution, the Court, on its own motion, hereby ORDERS appeals number 2003–CA–000306–MR and 2003–CA–000990–MR CONSOLIDATED for resolution.

It has come to the attention of the Court that there appears to be considerable confusion as to the proper scope to be accorded the belated appeal procedure outlined in the opinion of the Kentucky Supreme Court in *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985). Merrick's situation has afforded us an opportunity to attempt to clarify the limited circumstances under which a litigant is entitled to avail himself of the belated appeal procedure set out in *Wine*.

■ The introductory paragraph of *Wine* makes very clear that the procedure set out in that opinion is available "to a defendant who has been convicted of a crime and who maintains that his right to one appeal granted by the Kentucky Constitution has been lost because he did not receive effective assistance of counsel to prosecute the appeal." *Id.* at 691. Citing *Douglas v. People of State of California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), for the proposition that, in a first appeal, an indigent appellant in a criminal case must be supplied with counsel, and *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), for its holding that such appellants are entitled to effective assistance of counsel on appeal as a matter of due process, the *Wine* court concluded that state rules of appellate procedure cannot be allowed to frustrate the direct appeal of an indigent appellant who has been denied effective assistance of counsel in prosecuting that appeal. However, as is often the case, uneven and often unwarranted application of the *Wine* criteria has resulted in the expansion of belated appeal practice far beyond that which can be justified by the rationale advanced in *Wine* or that contained in *Evitts v. Lucey,*

the foundation upon which the *Wine* opinion is based. The United States Supreme Court in *Lucey* carefully distinguished the due process requirements in a first appeal as a matter of right from those obtaining in discretionary appeals and collateral matters. Citing *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the *Lucey* court emphasized that the "right to counsel is limited to the first appeal as of right[.]" 469 U.S. at 394–5, 105 S.Ct. 830, 834–5. It thus becomes apparent that the bedrock of the belated appeal procedure delineated in *Wine* is the preservation of an indigent criminal defendant's right to the one appeal guaranteed in the Kentucky Constitution from loss occasioned by ineffective assistance provided by his counsel. In other words, the belated appeal procedure is available *only* in situations in which an appellant in a criminal case loses the direct appeal of his conviction through the denial of the effective assistance of counsel to which he is entitled as a matter of due process.

While this strict application of the *Wine* criteria will result in the denial of belated appeal motions in collateral proceedings, such as in the context of motions for RCr 11.42 relief, appeals from probation revocation proceedings, motions to clarify sentence and the like, it remains sufficiently expansive to provide relief in situations such as this where the denial of an indigent's right to a transcript of evidence could directly impact his direct appeal by denying him an opportunity for meaningful review. Merrick's situation provides a good example of this principle.

Although he had been represented by retained counsel at trial, Merrick sought to proceed in forma pauperis in the direct appeal of his conviction in the Pulaski Circuit Court. The trial court entered an order granting Merrick's status as an indigent defendant as far as appointment of

counsel is concerned, but concluded that he had sufficient funds to pay filing fees and costs, including the cost of the transcript of evidence. The Department of Public Advocacy, which had been appointed to represent Merrick on appeal, attempted to appeal the refusal to provide funds for the transcript and costs under *Gabbard* which requires that a notice of appeal be filed within ten days. Although the order denying Merrick in forma pauperis status concerning fees and costs was entered on September 27, 2002, no appeal of that ruling was pursued within the ten-day period. However, on October 29, 2002, the Department sought by motion in Merrick's direct appeal, number 2002–CA–002034–MR, a clarification of Merrick's status as a pauper. By order entered December 2, 2002, this Court directed appellant to move the circuit court for a clarification of its previous order within twenty days.

That motion was duly filed and the circuit court on January 3, 2003 entered an order clarifying its September 27, 2002 ruling. Merrick, proceeding *pro se*, filed a motion to reconsider the January 3, 2003 clarification order on January 14, 2003, one day late. On February 10, 2003, the Department filed a notice of a *Gabbard* appeal of the January 3 order, precipitating the show cause order at the heart of this appeal.

■ The Department's response to the order directing appellant to show cause why the *Gabbard* appeal should not be dismissed as untimely is predicated upon the contention that, after *Gabbard* was decided, the time period for filing criminal appeals was enlarged from ten days to thirty days, and that the thirty-day period should logically apply to all appeals, including those prosecuted pursuant to *Gabbard*. That position proves unpersuasive for several reasons, not the least of which is the clear directive set out in CR 73.02(1)(b) that the time for filing an appeal from the denial of a motion to proceed in forma pauperis is ten days.

We are also convinced that the *Gabbard* appeal should have been prosecuted from the September 27, 2002 order, not the January 3, 2003 order clarifying its previous order as to in forma pauperis status. Furthermore, even assuming that it was proper to appeal from the January 3 order of clarification, a review of the record discloses that Merrick's *pro se* CR 59 motion was filed one day late. Thus, the *Gabbard* appeal could not be considered timely as the CR 59 motion upon which it is predicated was untimely and did not serve to stop the time for appeal. Having reviewed the Department's response to the show cause order in light of these considerations, the Court FINDS that insufficient cause has been demonstrated and hereby DISMISSES appeal number 2003–CA–000306–MR as untimely.

■ In the course of proceedings on the show cause order, Merrick, acting *pro se,* filed a motion for belated appeal of the denial of in forma pauperis status regarding fees and costs. Having reviewed Merrick's situation, it is apparent to this Court that, through his appointed counsel's failure to prosecute a timely *Gabbard* appeal from an order making him responsible for payment of fees and costs, including those associated with the preparation of the transcript of evidence, it is conceivable that Merrick's right to a meaningful first review of his conviction could be lost. Under these circumstances, we are convinced that the *Wine* criteria have been satisfied. Accordingly, Merrick's motion for belated appeal from the denial of in forma pauperis status as to fees and costs is GRANTED. Having reviewed the decision of the Pulaski Circuit Court with respect to Merrick's financial situation, we are convinced that the case must be REMANDED to the

Pulaski Circuit Court for reconsideration in light of the recent opinion of the Kentucky Supreme Court in *Martin v. Administrative Office of the Courts*, Ky., 107 S.W.3d 212, 214 (2003), which states: "It should be noted that the responsibility for criminal appeal transcripts was transferred to the Department for Public Advocacy, and the General Assembly no longer provides funding to the Court of Justice for pauper transcripts." On remand, the circuit court shall reconsider its determination as to the resources available to appellant and the extent of the appellant's ability to compensate the Office of the Public Advocate for the cost of the transcript as provided in KRS 31.211(1).

Finally, appellant's motion to advance is DENIED AS MOOT.

ALL CONCUR.