# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

### 2025-SC-0261-MR

JOSEPH L. SILVERBURG                                         APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2025-CA-0682
FAYETTE CIRCUIT COURT NO. 25-CR-00021

HONORABLE DIANE MINNIFIELD,                   APPELLEES
JUDGE; AND COMMONWEALTH OF
KENTUCKY

## **OPINION AND ORDER**

Joseph L. Silverburg appeals pro se from the Court of Appeals' order directing him to pay a partial fee of $20 to file his petition for writ of mandamus. For the reasons stated below, we affirm the Court of Appeals.

On January 14, 2025, Silverburg was indicted by a Fayette County Grand Jury on charges of assault in the third degree, public intoxication, and persistent felony offender in the second degree. Soon thereafter, Silverburg filed a petition for writ of habeas corpus in the trial court. On June 2, 2025, he moved to file a petition for writ of mandamus in the Court of Appeals requesting the court compel Judge Minnifield to rule on his habeas petition.

In the Court of Appeals action, he moved to proceed in forma pauperis. In support of his motion, Silverburg submitted an affidavit listing his monthly income as $679 from social security/disability. He also attached the trial

court's order granting his request to proceed in forma pauperis in the underlying criminal action and a statement showing the total deposits in his jail account from February 5, 2025, the day he was arrested on the indictment, to March 11, 2025. The statement shows Silverburg's deposits during that period totaled $353.63. In a June 17, 2025, order, the court granted his request in part and ordered him to pay the partial filing fee of $20. Silverburg now appeals that order to this court under RAP[1] 55.[2]

To proceed in forma pauperis before the appellate courts, "a person must file a motion with an affidavit stating the reasons the person applying for relief is unable to pay the costs and fees required to file the action." RAP 54(A)(1). This rule applies to criminal defendants who are not represented by a public defender. RAP 54(B)(2)(a). A party may appeal the assessment of a partial filing fee under RAP 55(A).

On appeal to this Court, Silverburg argues the partial filing fee assessed by the Court of Appeals violates KRS[3] 454.405(2). However, KRS 454.405 pertains to the circumstances in which a court may dismiss a malicious, harassing, unmeritorious, or factually frivolous civil action brought by an inmate. It is inapplicable here. Furthermore, the Court of Appeals did not err in finding Silverburg was able to pay a partial filing fee of $20. Silverburg's

---

[1] Kentucky Rules of Appellate Procedure.

[2] This matter is before this Court under the expedited appeal procedure first set out by our predecessor court in *Gabbard v. Lair,* 528 S.W.2d 675, 677-78 (Ky. 1975).

[3] Kentucky Revised Statutes.

reported income and deposits in his jail account are sufficient to cover the partial fee.

Based on the foregoing, the June 17, 2025, order of the Court of Appeals is affirmed. Pursuant to RAP 55(E), Silverburg must pay the $20 fee no later than 30 days from the date of entry of this opinion and order.

All sitting. All concur.

ENTERED: September 18, 2025.

Debra Hembree Lambert

CHIEF JUSTICE

3